[Civ. No. 28783.   Second Dist., Div. Three.   Aug. 18, 1966.]

FOREST LAWN COMPANY, Plaintiff and Respondent, v. THE CITY COUNCIL OF THE CITY OF WEST COVINA et al., Defendants and Appellants.

Harry C. Williams, City Attorney, and Burke, Williams & Sorensen for Defendants and Appellants.

O'Melveny & Myers, Bennett W. Priest and William D. Moore for Plaintiff and Respondent.

SHINN, P. J.—This case is before the appellate courts for the second time. The case involves the validity of the proceedings commenced by the city council to annex to the City of West Covina 114 acres of land contiguous thereto.

The appeal involves the interpretation of the opinion of the Supreme Court (60 Cal.2d 516) holding those proceedings invalid in certain particulars and the correctness of the action taken by the superior court in response to the remittitur.

The facts so far as pertinent to this appeal, as stated in the opinion of the Supreme Court are: "On December 29, 1960, the City Council . . . , by Resolution 1997, began proceedings . . . to annex 114 acres of uninhabited land contiguous to the city's boundaries. . . . Pursuant to Government Code section 35313 the city council held a hearing to determine protests to the proposed annexation. On February 14, 1961, the council adopted a second resolution (No. 2034) substantially the same as Resolution 1997, referring to the same land. On April 10, 1961, it held a protest hearing pursuant to Resolution 2034.

"The 114 acres of uninhabited territory to be annexed consisted of five separate parcels, four of which were residential lots owned by persons other than plaintiff; these four lots comprised 14 of the 114 acres. The remaining 100 acres composed a part of an undivided 1,050-acre parcel owned by plaintiff. According to the last equalized assessment roll, the total assessed value of the four residential parcels was $48,360. The assessed value of plaintiff's entire 1,050 acres totalled $138,010, including $3,010 . . . for improvements located on the 100-acre portion to be annexed. . . ." [The 100 acres were not separately assessed.]

"Prior to the hearings plaintiff filed a written protest . . . ; the other owners did not protest. At the protest hearings the city council determined that owners of one-half of the value of the territory to be annexed had not protested. . . . In so doing the council postulated that it had the power, . . . to apportion the assessed value of the 1,050-acre parcel between the portion of the parcel included in the proposed annexation and the portion excluded.

"Plaintiff sought mandamus in the superior court. The court held that the city council exceeded its statutory power in apportioning the assessed valuation of the 1,050-acre parcel.

The court thereupon issued a writ of mandate ordering the city to determine that owners of one-half of the value of the territory to be annexed had protested the annexation and that the proceedings be terminated. Defendants appeal from the judgment.''

The Supreme Court reversed, holding, *inter alia,* that the statutes under which the proceedings were had (Gov. Code, §§ 35310-35314) required the apportionment of the assessed value of the 1,050 acres owned by plaintiff and that the apportionment should be made by the county assessor, the council not having been given the power to do so. The remittitur reversed the judgment and directed the superior court to issue a writ of mandate conforming to the Supreme Court's opinion.

The superior court after hearing and argument ordered the council to withdraw from consideration the ordinances of annexation theretofore introduced; to hold a new hearing of protests, upon notice duly given to the owners of property proposed to be annexed; at the hearing to receive protests and to determine the weight of any protests only in accordance with the equalized assessment roll for the fiscal year 1963-64 or in the case of any parcel not wholly included in the annexation territory upon the value placed by the county assessor on the part lying within the territory to be annexed. From this judgment the appeal is taken.

The appellants contend that the superior court was limited, under the opinion of the Supreme Court, to compelling the council to value plaintiff's property in accordance with the method prescribed by the Supreme Court and that it exceeded its powers in ordering the council to hold a new hearing upon notice and at that hearing to receive and pass upon all protests received. They further claim that the court erred in not making the equalized assessment roll for year 1960-61 the basis for determining the values of the lands involved.

■ It is true as asserted by appellants that when a judgment is reversed and remanded with directions the lower court may only take such action as is essential to giving effect to the judgment of the appellate court. (*American Distilling Co.* v. *City Council of the City of Sausalito,* 34 Cal.2d 660 [212 P.2d 704, 18 A.L.R.2d 1247].) ■ It is further true that the function of the writ of mandate is to compel the performance of a duty which the law specifically enjoins and which existed at the time of the alleged failure to act. ■ It is our opinion that each of the acts ordered by the judgment was one

essential to complying with the judgment of the Supreme Court.

A new hearing is required for it will be the duty of the council to weigh all protests of those shown as owners on the last equalized assessment roll and the county assessor's apportionment of the assessed value of plaintiff's land.

█ When the hearing was held April 10, 1961, section 35312 read: "At any time before the hour set for hearing objections, any owner of property within the territory may file written protest against the annexation. The protest shall state the name of the owner of the property affected and the description and area of the property in general terms. As used in this article, 'owner' means the owner as shown on the last equalized assessment roll, or the person or persons entitled to be shown as owner on the last equalized assessment roll, or where the property affected is subject to a recorded written agreement to buy, the purchaser under such agreement to buy shall be deemed the owner. Protests may be made on behalf of the owner by an agent." Later in 1961 the section was amended to read, in material part: "*At any time prior to final adjournment of the hearing on protests,* any owner of property within the territory may file written protest against the annexation. [Form of protest.] As used in this article, 'owner' means the owner as shown on the last equalized assessment roll, except that the person entitled to be shown as owner on the current assessment roll shall be deemed the owner, and except that, where the property affected is subject to a recorded written agreement to buy, the purchaser under such agreement to buy shall be deemed the owner. . . ." (Italics added.)

This amendment is as to a matter of procedure (*People* v. *City of Palm Springs,* 51 Cal.2d 38 [331 P.2d 4]) and governs in any hearing that may be required by the mandate (*Angeli* v. *Lischetti,* 58 Cal.2d 474 [24 Cal.Rptr. 845, 374 P.2d 813].)

█ Appellant contends that the new procedure is inapplicable for the reason that the hearing on the protests has been finally adjourned and that in the hearing there could have been no compliance with procedure which was not required at the time. It is not questioned that if a new hearing is required it must be conducted in accordance with the procedure as amended. It is merely denied that the amended procedure must be followed.

We cannot agree that the closing of the hearing and the

adoption of a motion in the hearing April 10, 1961, determining that a majority protest had not been made had the effect of a final adjournment of the hearing on the protest so as to preclude the need for a further hearing. Those proceedings have been held invalid and void by the Supreme Court. They cannot be given effect as a final adjournment of the hearing on protests any more than they can be given effect as a final approval of the annexation. An ordinance of annexation was introduced but was not acted upon.

In its opinion the Supreme Court set forth the procedure to be followed in determining the value of plaintiff's land included in the proceedings to annex as follows: "This record suggests a legislative determination that agencies other than the city council may more appropriately perform the function of evaluating land for protest purposes. . . . Section 35313 itself suggests the procedure for the implementation of the approach which we have set forth. In regard to the evaluation of tax-exempt and publicly-owned land, the section provides: 'Determinations of value of publicly owned property, or privately owned property exempt from taxation by the county assessor for protest purposes shall be obtained from the assessor by the protestant and submitted to the legislative body [city council] with the written protest.' We adopt this procedure for application in the instant case.''

Appellant asserts that plaintiff's protest must be declared null and void because the county assessor's apportionment of value was not filed with its protest. This is too technical and too narrow an interpretation of the language of the opinion. If the Supreme Court had intended it to have that meaning it would have left the proceedings for adoption of the ordinance of annexation standing, for there would have been no valid protest and therefore no need to determine the value of the lands involved.

Appellant maintains that the court erred in not specifying the assessment roll of 1960-61 as the basis for determining the value of the lands and weighing the protest. There is nothing in the statute which specifies what is meant by the phrase "last equalized assessment roll." The phrase appears in three sections of the statute. In section 35311 it is used in specifying the persons to whom notice must be given but is there modified by the phrase "available on the date the proceedings were initiated." It is found in amended section 35312, and in section 35313 in prescribing the evidentiary basis by which the council must weigh the protests. Inasmuch

as protests may be filed at any time prior to the final adjournment of the hearing and as the duty to determine values does not arise until the time of hearing the word "last" should be given its common meaning of "most recent" and we so hold. This interpretation of the phrase enables a property owner to determine whether he should or should not protest, for in this day of rapidly changing values it may be that it would be useless to protest if value was to be determined by the assessment roll current at the time the proceedings were initiated when a protest based on the roll current at the time of the hearing might very well defeat the annexation.

For the foregoing reasons we disagree with the contentions of appellant that there has been a final adjournment of a required hearing and that the matter can be concluded without a further complete hearing.

The plaintiff will be entitled to present to the council at the hearing, as we hereinbefore pointed out, the county assessor's apportionment of the assessed value of plaintiff's land. Any of the owners of the four parcels who had not filed protests at the time of the original hearings will be entitled to protest up until the final adjournment of the hearing.

Appellants are in error in their contention that all that remains to be done is to pass upon the sufficiency of the protests previously filed. Although a protest by private owners of one-half of the value of the territory proposed to be annexed would terminate the proceedings (§§ 35313, 35313.2), that determination will have to be made upon the evidence of values presented at the hearing; but the duty of the council goes beyond making this determination. A finding that a majority protest has not been made does not require approval of the annexation. It would, however, require the exercise by the council of its descretionary power to approve or disapprove the annexation (§ 35314) and this could not be done until a new and full hearing has been had. A hearing being required due process entitles the owners of affected property to notice of the time and place of hearing.

The judgment is modified by striking from paragraph (d) thereof the figures "1963-64" and inserting in lieu thereof the words "most recent" and adding "at the time of the hearing" following Los Angeles County, so that the phrase will read ". . . most recent equalized assessment roll of Los Angeles County at the time of the hearing, . . ." As so modified the judgment is affirmed.

Ford, J., and Kaus, J., concurred.