[Civ. No. 25256.   First Dist., Div. Three.   Jan. 16, 1969.]

MILES BENNETT MITCHELL, Plaintiff and Respondent, v. VERNE ORR, as Director of the Department of Motor Vehicles, etc., Defendant and Appellant.

814

Thomas C. Lynch, Attorney General, and Victor D. Sonenberg, Deputy Attorney General, for Defendant and Appellant.

Jackson & Donovan and Daniel E. Donovan for Plaintiff and Respondent.

BROWN (H. C.), J.—This is an appeal by the Director of the Department of Motor Vehicles from the judgment granting a peremptory writ of mandate commanding the Department of Motor Vehicles to refrain from suspending respondent Mitchell's driving privileges.

The sole question presented is whether the municipal court's determination of the invalidity of respondent's alleged prior conviction is binding upon the Department of Motor Vehicles.

The Facts: On July 29, 1966, Mitchell was cited for driving while under the influence of alcohol. He was convicted of violation of Vehicle Code section 23102, subdivision (a) (misdemeanor drunk driving) by the Palo Alto-Mountain View Municipal Court. He was also charged with two prior driving-while-drunk convictions, the first in Sacramento, in 1955, and the second in Florida in 1960. Mitchell moved the court for a determination of the constitutionality of the priors. The court found the two priors were constitutionally invalid and that the present offense therefore constituted Mitchell's first conviction. The court, under authority of section 13210 of the Vehicle Code, ordered the Motor Vehicle Department to refrain from suspending Mitchell's driving privileges. Contrary to the court order, after a formal hearing, the Director of the Department of Motor Vehicles (Director) suspended Mitchell's driving license on the basis of the prior Florida conviction.[1]

---

[1]The Department of Motor Vehicles did not consider the Sacramento conviction in revoking Mitchell's license because it occurred in 1955—more than seven years prior to the present conviction.

Mitchell thereafter petitioned the superior court for a writ of mandamus commanding the Director to desist from suspending the license. The Director now appeals from the order granting the writ of mandate.

The Director concedes that if a prior conviction is to be used for the purpose of suspending a driver's license, the prior cannot be an invalid one. The Director also does not dispute the right of the municipal court to make a determination as to the validity of the prior but contends that the Motor Vehicle Department may also make its own determination. The Director argues that the proceedings before the Department of Motor Vehicles are separate and distinct from those before the municipal court and that the Department is not bound by the court determination of the validity of a prior conviction. The Director relies primarily upon *Cook* v. *Bright,* 208 Cal.App.2d 98 [25 Cal.Rptr. 116], wherein the court held that the Department of Motor Vehicles was free to make its own determination as to whether or not a defendant did have a prior conviction and was not bound by the fact that the court did not make a determination or give consideration to an alleged prior conviction. There was no question that the defendant in *Cook, supra,* had a prior conviction. The court merely held that the failure of the municipal court to suspend the driving license did not prevent the Motor Vehicle Department from doing so, in the presence of the record of the prior conviction, the validity of which had not been questioned.

Although section 13352[2] of the Vehicle Code requires suspension of the driver's license on the *first* offense, section 13210,[3] as well as section 13352, gives the *court the discretion*

---

[2]Vehicle Code section 13352 states in part as follows: ''The department shall immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of driving a motor vehicle while under the influence of intoxicating liquor. The suspension or revocation shall be as follows: (a) Upon a first such conviction other than under Section 23101 such privilege shall be suspended for a period of six months, unless the court in case of the first conviction only suspends such privilege under authority of Section 13201 or recommends no suspension. . . .''

[3]Vehicle Code section 13210 states: ''Notwithstanding any other provision of this code, whenever any person is convicted for the first time of driving a motor vehicle while under the influence of intoxicating liquor, other than Section 23101, the court may order the department not to suspend under Section 13352. In such event the court may also limit the person's driving privilege as a condition of probation without notifying the department of such condition, whenever it determines that the suspension will affect the livelihood of a person because of the nature of his employment.'' (Added Stats. 1963, ch. 914, § 2, p. 2163.)

*to order the Department not to suspend the defendant's license.* The court here exercised that discretion by the following language: "As a part of the probation and a part of this sentencing, it's especially provided and required and it is the recommendation and the order of this Court that the Department of Motor Vehicles shall not revoke or suspend the driver's license of this Defendant by reason of this conviction and this shall apply so long as the Defendant keeps the terms of this probation. It's especially required that the Department of Motor Vehicles shall notice the order and determination of this Court that the prior convictions alleged and set forth in the amended Complaint by the District Attorney are constitutionally invalid and not provable or chargeable as priors and, therefore, the Department of Motor Vehicles shall pay no heed to them and not act on them and shall obey the order of this Court in respect to those alleged prior convictions."

The Director argues that the Palo Alto-Mountain View Municipal Court's determination that the prior conviction of respondent was invalid did not extinguish the fact that respondent had suffered a prior and that the Department, not being a party to the proceedings before the municipal court, could independently determine that respondent had been twice convicted of driving while drunk within seven years. The Director bases this argument on the contention that by revoking a driver's license it is not imposing a penal sanction but is deciding upon driving competence. This contention is answered in *People* v. *Coffey,* 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15], relating to the use of priors for impeachment purposes, where the court held that a constitutionally invalid conviction could not be used for *any purpose leading to a conviction, or severity of sanction.* The court said at pages 214-215: ". . . . to the extent that statutory machinery relating to penal status or severity of sanction is activated by the presence of prior convictions, it is imperative that the constitutional basis of such convictions be examined if challenged by proper allegations. [Citations.] The fact that a prior conviction was sustained in another jurisdiction does not preclude such examination. 'To the extent that any State makes its penal sanctions depend in part on the fact of prior convictions elsewhere, necessarily it must assume the burden of meeting attacks on the constitutionality of such prior convictions.' (*United States* v. *Jackson* (2d Cir. 1957) 250 F.2d 349,

355; see *In re Woods, supra,* 64 Cal.2d 3, 5 [48 Cal.Rptr. 689, 409 P.2d 913])."

While the suspension or revocation by the Motor Vehicle Department of a license may not ordinarily be considered penal and its purpose is to make the streets and highways safe by protecting the public from incompetent drivers or their lack of care, such suspension or revocation comes within the scope of *People* v. *Coffey, supra,* which requires an examination of the constitutional basis of convictions not only when they activate the statutory machinery relating to penal status but also when they activate the statutory machinery relating to severity of sanction. ▮ *If a court determines that the imposition of suspension is too severe as a penal sanction, it follows that the Director of the Department of Motor Vehicles by rationalizing that the suspension is an administrative sanction, cannot thwart that determination by imposing the suspension, after being ordered by the court to refrain from so doing.*

▮ The Director also attacks the merits of the determination of the unconstitutionality of the Florida conviction by the Palo Alto-Mountain View Municipal Court, but the judgment may not be collaterally attacked; there having been no appeal from it, it has become final. The Director argues that unless the power is also reposed in the Department of Motor Vehicles to determine the validity of priors, courts could "capriciously" decide that a prior conviction was invalid "whenever they were so inclined." It is felt, however, that the courts are fully cognizant of the hazards caused by drunken drivers on our highways and we do not share the view that courts will act "capriciously" in regard to such drivers.

Further protection from "capricious" court action is afforded by the prosecuting attorney's power under Penal Code section 1238, subdivision 6, which allows the People to appeal " [f]rom an order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed." The failure of the district attorney to have appealed is a tacit accord with the actions of the court.

It is concluded that respondent had the right to have the constitutionality of his prior convictions determined by a court of law. The municipal court made this determination and its judgment, not having been appealed or otherwise directly attacked, has become final. The prior conviction having been adjudged invalid, the municipal court was

empowered under Vehicle Code section 13210 to order the Department of Motor Vehicles not to suspend respondent's license in this first valid conviction for the offense of driving while under the influence of intoxicating liquor. The writ of mandate was properly issued and the judgment is therefore affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied February 14, 1969, and appellant's petition for a hearing by the Supreme Court was denied March 12, 1969.