[Civ. No. 33273.   Second Dist., Div. One   May 13, 1969.]

BEATRICE HARVEY DE LA VIGNE, Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Marvin A. Bauer, Deputy Attorney General, for Defendant and Appellant.

Floyd H. King for Plaintiff and Respondent.

FOURT, Acting P. J.—This is an appeal from a judgment which in effect vacated and set aside an order of suspension of petitioner's driving license.

A résumé of some of the background and facts in the matter is as follows: in July of 1962 respondent herein was charged with drunk driving (§ 23102, Veh. Code) in the Municipal Court of Los Angeles Judicial District. She pleaded guilty

and was sentenced to pay a fine of $250 or suffer certain alternatives. Respondent was not represented by an attorney in that proceeding. The minutes of the court recite among other things that respondent was "duly arraigned, informed of the charge against him [*sic*] and of his [*sic*] legal rights." Nothing appears in the record with reference as to whether respondent waived any of her rights, such as a right to be represented by an attorney, or to have a jury trial, or to have witnesses brought to court or to a reasonable continuance or otherwise. The court recommended that "there be no license suspension" and apparently her license to operate a motor vehicle was not suspended by the appellant herein. An abstract of the judgment however was received by appellant.

In July of 1967 respondent was again arrested for drunk driving (§ 23102, Veh. Code) in the Long Beach area. A complaint was filed in the Municipal Court of Long Beach Judicial District charging respondent with drunk driving. Respondent on this occasion was represented by an attorney and on September 7, 1967, when the case came on for hearing it was "Stipulated that Defendant did not waive right to Attorney at prior conviction" and upon motion of the defendant and with no objection apparently upon the part of the prosecutor the prior conviction was "ordered stricken." Defendant then pleaded guilty and was fined as a first offender. It was recommended that there be no license suspension by the Department of Motor Vehicles. An abstract of the judgment was received by appellant.

On October 5, 1967, the appellant directed to respondent a copy of an order of suspension of all her driving privileges (for one year) because of her two convictions of driving while under the influence of intoxicating liquor within a period of seven years and directed her to surrender her driver's license to the department. On Decmber 8, 1967, respondent filed her petition for a writ of mandate attached to which were certain points and authorities, a certified copy of the order of suspension, a certified copy of the court's minutes (docket sheet) of the 1962 case and a certified copy of the court's minutes (docket sheet) of the 1967 case. The petitioner alleged among other things that the writ was sought to order the Department to reinstate the driver's license, that the Department acted in excess of its jurisdiction under the circumstances in that in the 1962 cause petitioner "was not then represented by an attorney and did not waive her right to an attorney," that she was arrested and charged in the 1962 case with drunk

driving and a certified copy of a transcript of the court's docket was attached and that "at no time during any of the proceedings . . . did petitioner waive her right to the aid and assistance of or right to counsel." There then followed an allegation with reference to the second drunk driving charge and asserting that "the People of the State of California and petitioner stipulated that petitioner did not waive her right to counsel at the prior conviction and said allegations concerning said prior were stricken from the criminal complaint and petitioner then withdrew her plea of not guilty" and pleaded guilty and that a certified copy of the transcript of the court's docket was attached. The petition sets forth allegations with reference to the suspension order and declares that "petitioner has exhausted the available administrative remedies and has no plain, speedy or adequate remedy in the ordinary course of law in that the law provides no other method of compelling proper action of respondent [Department of Motor Vehicles] other than petitioning for a writ of this court." The Department answered and upon information and belief denied that part of the petition which alleged that petitioner had not waived her rights to an attorney and also upon the same basis denied that there was a stipulation as above indicated in the second cause of 1967 and that the prior was stricken. All other allegations of the petition were admitted by the Department.

After a hearing on the petition the judge found in effect that all of the allegations of the petition were true, that the 1962 cause was invalid and void in that it did not appear from the docket or otherwise that petitioner had waived her rights to the aid and assistance of counsel in that proceeding and concluded therefrom that the writ should be granted; judgment was entered accordingly. A timely notice of appeal was filed by the Department.

Appellant now asserts that it was error to apply criminal law standards to this, a civil administrative proceeding, and that it was error to vacate the order of suspension without a prior direct judicial nullification of respondent's first conviction. We are persuaded that there is no merit to the contentions.

The Supreme Court in *Burgett* v. *Texas* (1967) 389 U.S. 109 [19 L.Ed.2d 319, 88 S.Ct. 258] decided that where certified records of a former conviction did not show that defendant was represented by counsel or that he waived counsel, the records on their face raised a presumption that defendant was denied his right to counsel in violation of the Sixth Amend-

ment and therefore the former conviction should have been deemed void in the subsequent prosecution. The court said, in part at page 261 [19 L.Ed.2d at pp. 324-325]: "*Gideon* v. *Wainright* established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. And that ruling was not limited to prospective applications. See *Doughty* v. *Maxwell,* 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650; *Pickelsimer* v. *Wainwright,* 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41. In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible. *Carney* v. *Cochran.* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. *To permit a conviction obtained in violation of Gideon* v. *Wainwright to be used against a person either to support guilt or enhance punishment for another offense* (see *Greer* v. *Beto,* 384 U.S. 269, [86 S.Ct. 1477, 16 L.Ed.2d 526]) *is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.* (Italics added.)

"The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon* v. *Wainwright* is inherently prejudicial and we are unable to say that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of *Chapman* v. *State of California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

". . . In this case, however, petitioner's right to counsel, a 'specific federal right,' is being denied anew. This Court cannot permit such a result unless *Gideon* v. *Wainright* is to suffer serious erosion."

Recently this court in *Mitchell* v. *Orr,* 268 Cal.App.2d 813, 815-817 [74 Cal.Rptr. 407], had before it the question of whether a court's determination of the invalidity of a defendant's alleged prior conviction is binding upon the Department of Motor Vehicles. There the court found that the alleged prior convictions were constitutionally invalid and directed the Department not to suspend the defendant's driver's license. The court said among other things:

.                    .

*"The Director concedes that if a prior conviction is to be used for the purpose of suspending a driver's license, the prior cannot be an invalid one.* The Director also does not dispute the right of the municipal court to make a determination as to the validity of the prior but contends that the Motor Vehicle Department may also make its own determination. The Director argues that the proceedings before the Department of Motor Vehicles are separate and distinct from those before the municipal court and that the Department is not bound by the court determination of the validity of a prior conviction. The Director relies primarily upon *Cook* v. *Bright,* 208 Cal.App.2d 98 [25 Cal.Rptr. 116], wherein the court held that the Department of Motor Vehicles was free to make its own determination as to whether or not a defendant did have a prior conviction and was not bound by the fact that the court did not make a determination or give consideration to an alleged prior conviction. There was no question that the defendant in *Cook, supra,* had a prior conviction. The court merely held that the failure of the municipal court to suspend the driving license did not prevent the Motor Vehicle Department from doing so, in the presence of the record of the prior conviction, the validity of which had not been questioned.

"Although section 13352 of the Vehicle Code requires suspension of the driver's license on the *first* offense, section 13210, as well as section 13352, gives the *court the discretion to order the Department not to suspend the defendant's license."*

Continuing:

". . . The Director bases this argument on the contention that by revoking a driver's license it is not imposing a penal sanction but is deciding upon driving competence. This contention is answered in *People* v. *Coffey,* 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15], relating to the use of priors for impeachment purposes, where the court held that a constitutionally invalid conviction could not be used for *any purpose leading to a conviction, or severity of sanction.* The court said at pages 214-215: '. . . to the extent that statutory machinery relating to penal status or severity of sanction is activated by the presence of prior convictions, it is imperative that the constitutional basis of such convictions be examined if challenged by proper allegations. [Citations.] The fact that a prior conviction was sustained in another jurisdiction does not preclude such examination. ''To the extent that any State makes its penal sanctions depend in part on the fact of prior

convictions elsewhere, necessarily it must assume the burden of meeting attacks on the constitutionality of such prior convictions." (*United States* v. *Jackson* (2d Cir. 1957) 250 F.2d 349, 355; see *In re Woods, supra,* 64 Cal.2d 3, 5 [48 Cal.Rptr. 689, 409 P.2d 913]).'

"While the suspension or revocation by the Motor Vehicle Department of a license may not ordinarily be considered penal and its purpose is to make the streets and highways safe by protecting the public from incompetent drivers or their lack of care, such suspension or revocation comes within the scope of *People* v. *Coffey, supra,* which requires an examination of the constitutional basis of convictions not only when they activate the statutory machinery relating to penal status but also when they activate the statutory machinery relating to severity of sanction. *If a court determines that the imposition of suspension is too severe as a penal sanction, it follows that the Director of the Department of Motor Vehicles by rationalizing that the suspension is an administrative sanction, cannot thwart that determination by imposing the suspension, after being ordered by the court to refrain from so doing.*"

The Attorney General seems to argue that had petitioner first gone to the municipal court or otherwise and had it determined that the judgment in 1962 was void, then all would have been well. We think that it was entirely proper to raise the issue as it was raised and we can conceive of no good reason why a defendant should be required to take a circuitous route and be burdened by multiple suits to secure the identical relief which was achieved in this action. Furthermore the Attorney General for the director admitted in the answer to the petition that petitioner had no other effective means of compelling proper action of the Department other than petitioning for the writ of mandate.

Had the prosecutor been dissatisfied with the determination made by the judge in the 1967 cause with reference to the alleged prior conviction he could have taken steps which were available to him at that time to correct any error in determination if such there was. At the very least the prosecutor did not need to stipulate, as he did, that defendant had not waived her constitutional rights in the 1962 cause and thereby that judgment was in effect void.

█ A void judgment is one of no validity or effect, unenforceable and of no legal force.

The judgment in this cause is affirmed.

Lillie, J., and Thompson, J., concurred.