[Civ. No. 33380. Second Dist., Div. Five. Dec. 22, 1969.]

HERBERT KYLE WILLIAMS, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## COUNSEL

Thomas C. Lynch, Attorney General, and Bruce William Dodds, Deputy Attorney General, for Defendant and Appellant.

David Holtz for Plaintiff and Respondent.

## OPINION

**STEPHENS, Acting P. J.**—The preliminary facts giving rise to the petition for writ of mandate, the issuance of which is the subject of this appeal are not in dispute.

On or about December 31, 1963, Herbert Williams (hereinafter Williams) was convicted of violating Vehicle Code section 23102, subdivision (a) (driving a motor vehicle while under the influence of intoxicating liquor) in the Municipal Court of the Pasadena Judicial District, County of Los Angeles, following his plea of guilty at the time of the arraignment. The court recommended no suspension of Williams' driver's license. The abstract of Williams' judgment of conviction states that he was duly arraigned, the complaint was read to him, and he was informed of his constitutional and legal rights. The abstract does not specifically state that Williams was represented by counsel or that he knowingly and intelligently waived his right to counsel.

On October 2, 1967, in the Municipal Court of the Santa Anita Judicial District, County of Los Angeles, after his plea of guilty, Williams was again convicted of a violation of Vehicle Code section 23102, subdivision (a). At that time he was duly advised of his constitutional and legal rights, and he was represented by counsel. At the time of his plea of guilty, the prose-

cution made a motion to strike the allegation of a prior conviction. This was granted, and the court did not recommend a suspension of defendant's driver's license.

Williams is the possessor of a valid California Motor Vehicle operator's license number B1094355, issued on October 20, 1965, and expiring October 21, 1970. On November 22, 1967, the Division of Driver's Licenses, Department of Motor Vehicles, State of California, suspended that driving license for one year, effective October 2, 1967, and ordered Williams to surrender it to the department pursuant to Vehicle Code section 13352, subdivision (c) because he had been twice convicted of driving while under the influence of intoxicating liquor.

On or about December 19, 1967, Williams filed a petition for writ of mandate in the Los Angeles Superior Court to command the Department of Motor Vehicles of the State of California (hereinafter referred to as "Department") to set aside and revoke its order of suspension of his license to operate a motor vehicle. The court issued an alternative writ of mandate to the Department, returnable on January 5, 1968. The Department filed a return by way of answer to the petition for writ of mandate on December 29, 1967. Williams requested that the hearing on the writ be continued to January 10, 1968.

On January 10, 1968, a hearing was held on the petition for writ of mandate. The verified pleadings and declarations were received in evidence. It was stipulated by the respective counsel that if Williams were called as a witness, he would testify that he was not represented by counsel at the time of his first conviction for driving while under the influence of intoxicating liquor.

The petition for the peremptory writ was granted, and findings and judgment were ordered prepared by Williams' counsel.

The Department filed objections to the Findings of Fact and Conclusions of Law. A hearing was held on the Department's objections, and Amended Findings and Judgment were ordered, prepared and signed.

Judgment granting the writ was entered on March 11, 1968. Notice of Appeal was filed on March 28, 1968.

The Department contends that Williams failed to state a cause of action for writ of mandate under section 1085 of the Code of Civil Procedure in that: (a) the Department acted under a mandatory duty; (b) the suspension of Williams' driving privilege is not penal in nature; and (c) Williams may not collaterally attack his 1963 judgment of conviction.

We treat the contentions collectively. The Department argues that Wil-

liams should have either brought an action in habeas corpus, where in a full evidentiary hearing the validity of his 1963 conviction could be litigated, or a writ of error *coram nobis* directed to the municipal court, or a writ of mandamus in the superior court directed against the municipal court.

■ While habeas corpus would be available to challenge the validity of the 1963 conviction if Williams were still in custody (*In re Woods,* 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913]; *In re Luce,* 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918]), since he was neither actually nor constructively restrained, such writ would be inappropriate. (*In re Smiley,* 66 Cal.2d 606, 612 [58 Cal.Rptr. 579, 427 P.2d 179].) ■ A writ of error *coram nobis* also appears to be inappropriate for it is properly used when a petitioner has been denied a fair trial on the merits through fraud, coercion, or mistake. (*People* v. *Gatewood,* 182 Cal.App.2d 724 [6 Cal. Rptr. 447].) ■ These observations are not determinative of the issue, however, for we hold that the proper remedy was a writ of mandate to the municipal court to vacate the challenged judgment, not a writ of mandate commanding the Department to set aside and revoke its order of suspension. Alternatively, as in *De La Vigne* v. *Department of Motor Vehicles,* 272 Cal.App.2d 820 [77 Cal.Rptr. 675], the issue as to legality of the charged prior could have been determined by the trial court, and a finding thereon made. "In *De La Vigne,* at the trial of the second prosecution for violation of section 23102 of the Vehicle Code in the municipal court, it was '[s]tipulated that Defendant did not waive right to Attorney at prior conviction' and upon motion of the defendant and with no objection apparently upon the part of the prosecutor the prior conviction was 'ordered stricken.' The defendant then pleaded guilty and was fined as a first offender. Under such circumstances there was a determination in the second prosecution of the invalidity of the earlier conviction of violation of section 23102 of the Vehicle Code. This effect was recognized in the opinion in *De La Vigne* in the following statement (272 Cal.App.2d at p. 825): 'Had the prosecutor been dissatisfied with the determination made by the judge in the 1967 cause with reference to the alleged prior conviction he could have taken steps which were available to him at that time to correct any error in determination if such there was. At the very least the prosecutor did not need to stipulate, as he did, that defendant had not waived her constitutional rights in the 1962 cause and thereby that judgment was in effect void.' " (*Hasson* v. *Orr* \*(Cal.App.) 80 Cal.Rptr. 329.) In the instant case, while the result may have been the same, a determination by the charging authority not to charge the prior conviction, (or if it had been charged, to

---

\*A hearing was granted by the Supreme Court on October 22, 1969. The opinion of that court is reported in 1 Cal.3d 576 [83 Cal.Rptr. 161, 463 P.2d 385].

have it stricken) does not constitute a court finding on the legality of that prior. Only where there is such a court determination is the Department of Motor Vehicles not only bound thereby, but authorized to disregard that which otherwise appears in all respects to be a valid prior. The case of *Hasson* v. *Orr, supra,* is the antithesis of the instant case. There, the defendant unsuccessfully sought to vacate and set aside the prior convictions by motion in the particular municipal court in which his prior convictions had occurred. His motions were grounded upon alleged unconstitutionality. (See *In re Johnson,* 62 Cal.2d 325, 333-336 [42 Cal.Rptr. 228, 398 P.2d 420].) Just as the Department of Motor Vehicles is bound by a judicial determination of the illegality of a prior conviction (*Mitchell* v. *Orr,* 268 Cal.App.2d 813 [74 Cal.Rptr. 407]), so also must be the petitioner who unsuccessfully attacks a prior conviction. In *Mitchell,* the court said (pp. 817-818): "The Director also attacks the merits of the determination of the unconstitutionality of the Florida conviction by the Palo Alto-Mountain View Court, but the judgment may not be collaterally attacked; there having been no appeal from it, it has become final . . . . It is concluded that respondent had the right to have the constitutionality of his prior convictions determined by a court of law. The municipal court made this determination and its judgment, not having been appealed or otherwise directly attacked, has become final. The prior conviction having been adjudged invalid, the municipal court was empowered under Vehicle Code section 13210 to order the Department of Motor Vehicles not to suspend respondent's license in this first valid conviction for the offense of driving while under the influence of intoxicating liquor. The writ of mandate was properly issued and the judgment is therefore affirmed."

We conclude that an appropriate means of attack which is available to petitioner is by petition for writ of mandate, pursuant to section 1085 of the Code of Civil Procedure, which provides that a writ of mandate "may be issued by any court, except a municipal or justice court, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person." A writ of mandate can therefore only issue to compel the Department to perform an act it is under a legal duty to perform. (*Forest Lawn Co.* v. *City Council,* 244 Cal.App.2d 343, 346 [53 Cal.Rptr. 452].) So long as the 1963 conviction remains in effect, the Department is under no duty to return his license during the period of suspension provided by law. Pursuant to section 13352, subdivision (c) of the Vehicle Code, it has a mandatory duty to suspend the license. (*Hough* v. *McCarthy,* 54 Cal.2d 273 [5 Cal.Rptr. 668, 353 P.2d 276].) The Department cannot exercise the judicial power

required to nullify the prior conviction. (*Laisne* v. *California State Board of Optometery,* 19 Cal.2d 831, 834-835 [123 P.2d 457].) Therefore, Williams must first seek a writ of mandamus directly against the municipal court to nullify his conviction (*Blake* v. *Municipal Court,* 242 Cal.App.2d 731 [51 Cal.Rptr. 771]), before the Department is obligated to return his license.

If Williams' 1963 conviction were void on its face, as in the case of a conviction based upon an unconstitutional statute, he would be entitled to collaterally attack it by seeking a writ of mandate, as he has done, to compel the Department to return his license (*Blumenthal* v. *Board of Medical Examiners,* 57 Cal.2d 228, 239 [18 Cal.Rptr. 501, 368 P.2d 101]), but this is not the case.

Here, the 1963 conviction appears valid on its face. Where the facility of writ of mandate is utilized, the court which rendered the judgment must be given notice and opportunity to be heard, before the judgment may be nullified.

The judgment ordering the issuance of the writ is reversed.

Aiso, J., and Reppy, J., concurred.