[L.A. No. 29695. In Bank. Jan. 19, 1970.]

JEROME HASSON, Plaintiff and Respondent, v.
ROBERT C. COZENS, as Director, etc., Defendant and Appellant.

## COUNSEL

Thomas C. Lynch, Attorney General, and Edmond B. Mamer, Deputy Attorney General, for Defendant and Appellant.

Minsky, Garber & Rudof and J. M. Groshan for Plaintiff and Respondent.

## OPINION

**McCOMB, J.**—Defendant appeals from a judgment of the superior court granting a peremptory writ of mandate to compel the Department of Motor Vehicles (hereinafter referred to as "the department") to refrain from suspending plaintiff's driving privileges.

*Facts*: On May 13, 1965, plaintiff, in propria persona, entered a plea of guilty in Division 51 of the Municipal Court for the Los Angeles Judicial District of Los Angeles County to a violation of section 23102 of the Vehicle Code (misdemeanor drunk driving). Sentence was imposed, and an abstract of the conviction was forwarded to the department.

On October 24, 1967, plaintiff, in propria persona, pled nolo contendere in Department 1 of the Municipal Court for the Inglewood Judicial District of Los Angeles County to a violation of section 23102 of the Vehicle Code. Plaintiff represented to the court that his prior conviction was invalid, because he had not been represented by counsel, had not been advised of his constitutional right to counsel, and otherwise had not intelligently waived his constitutional rights. The court accepted such representations, and, on motion of the People, the allegation of the prior conviction was stricken. On November 15, 1967, the court imposed sentence

and recommended that plaintiff's license not be suspended.[1] Again, an abstract of conviction was forwarded to the department.

On January 12, 1968, because of the two abstracts of conviction filed with the department, plaintiff was served by the department with an order of suspension suspending his privilege to operate a motor vehicle, purportedly pursuant to section 13352, subdivision (c), of the Vehicle Code. Section 13352, subdivision (c), of the Vehicle Code provides that upon a *second* conviction for drunk driving within seven years the driving privilege of the person so convicted "*shall* be suspended" for one year. (Italics added.)

On February 9, 1968, plaintiff filed a verified petition for writ of mandate in the superior court, alleging that he did not know at the time he made his pleas which gave rise to the convictions referred to above that he would lose his privilege to operate a motor vehicle for a period of one year by virtue thereof. He further declared that during the two proceedings he was not represented by counsel, was not advised of his constitutional rights to counsel, and was not advised that in the event he did not have sufficient funds to employ counsel, counsel would be appointed to represent him.

During pendency of the mandate proceeding, plaintiff moved the Los Angeles Municipal Court to vacate and set aside his 1965 conviction on the ground that he had been denied his constitutional right to counsel and had not expressly waived said right. He made a similar motion in the Inglewood Municipal Court with respect to his 1967 conviction. Both motions, however, were denied in March 1968, and plaintiff did not appeal from either order of denial.

Thereafter, a hearing was had on plaintiff's petition for writ of mandate. After receiving in evidence verified pleadings and declarations and hearing argument on the matter, the superior court trial judge granted mandate.

█ Question: *Was the trial court bound by the 1967 determination of the Inglewood Municipal Court that plaintiff's 1965 conviction was invalid and that plaintiff could therefore be sentenced as a first offender?*

*Yes.* █ Since the sanctions which may be imposed upon a person convicted of drunk driving are increased if he has a prior conviction of the same offense within a specified period of time, a collateral attack may be made on any such prior conviction on constitutional grounds. Accordingly, plaintiff had a right in the 1967 proceeding to attack collaterally

---

[1]Section 13352, subdivision (a), of the Vehicle Code provides, in pertinent part, that the normal six months' suspension of driver's license upon first conviction shall not be imposed if the trial court recommends "no suspension."

his 1965 conviction. (*De La Vigne* v. *Department of Motor Vehicles*, 272 Cal.App.2d 820, 822-825 [1][77 Cal.Rptr. 675].)

■ No appeal was taken by the People from the 1967 order, and it has long since become final, thus having the determinative effect of res judicata. ■ As indicated above, under the order the prior conviction was stricken, and the municipal court judge recommended against suspension, as a result of which there was, impliedly at least, a finding of invalidity of the prior conviction. Therefore, since a prior conviction cannot be used for the purpose of suspending a driver's license if it is an invalid one (see *Mitchell* v. *Orr*, 268 Cal.App.2d 813, 815 [1a] [74 Cal.Rptr. 407]), plaintiff was properly sentenced in 1967 as a first offender.

It is contended that the municipal court orders made in March 1968 during pendency of the mandate proceeding in the superior court, which orders denied plaintiff's motions to vacate and set aside his convictions and were not appealed, should be given the effect of res judicata and constitute holdings that both the 1965 conviction and the 1967 conviction were valid.

■ A final judgment is collateral estoppel or res judicata only if it is based on the merits (*Goddard* v. *Security Title Ins. & Guar. Co.*, 14 Cal.2d 47, 51-52 [3] [92 P.2d 804]), and the record does not reflect that the municipal court orders denying plaintiff's motions to set aside his convictions were determined on the merits. ■ The superior court, on the other hand, in granting mandate directing reinstatement of plaintiff's driver's license, was supported not only by the Inglewood Municipal Court's finding that the 1965 conviction was invalid, but, being presented with supporting declarations, authorities, and argument to support collateral attack on the ground of deprivation of constitutional rights, did, in effect, determine the merits of the case by an independent hearing de novo.

The judgment is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.