[Civ. No. 26413.  First Dist., Div. One.  Jan. 28, 1970.]

RICHARD AMBROSE HOULIHAN, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

## Counsel

Goth, Dennis & Aaron and Gerald M. Schneider for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Victor D. Sonenberg, Deputy Attorney General, for Defendant and Respondent.

OPINION

**MOLINARI, P. J.**—This is an appeal from a judgment denying a petition for writ of mandate.

On April 29, 1968, the Department of Motor Vehicles (hereinafter the "Department") issued an order suspending petitioner's driver's license for one year pursuant to Vehicle Code section 13352, subdivision (c).[1] This statute provides for a mandatory suspension for one year where the Department is in receipt of a certified abstract of the record of any court showing that a person has been convicted of driving a motor vehicle under the influence of intoxicating liquor twice within seven years. Petitioner challenged this order by filing a petition for a writ of mandate in San Mateo County directing the Department to restore his privilege to operate a motor vehicle. The basis of this petition was that at the time petitioner suffered the first conviction he was not represented by counsel when he entered his plea of guilty. The petition was denied.

In the two-year span of 1966 to 1968 petitioner was twice convicted of driving a motor vehicle while under the influence of intoxicating liquor. (Violation of § 23102, subd. (a).) The first conviction occurred in 1966 in the Municipal Court of Palm Springs; the second in 1968 in the Municipal Court of the Central District of San Mateo County. Subsequent to each of these convictions the Department received from the court duly certified abstracts of these convictions.

Adverting to the petition we observe that it alleges in reliance upon *In re Woods,* 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913], that the San Mateo court acted unlawfully in failing to consider whether petitioner had waived his right to be represented by counsel in the Palm Springs proceedings. The record is silent, however, as to whether the San Mateo court was called upon to make this determination.[2] In their briefs the parties appear to be in agreement that the matter of the alleged invalidiy of the prior conviction was not presented to the San Mateo court. It appears, moreover, that at the hearing before the superior court the questions presented were whether the Department was required to pass upon the constitutionality of the prior conviction and whether the superior court

---

[1] Unless otherwise indicated, all statutory references are to the Vehicle Code.

[2] It appears that the prior conviction was not charged in the San Mateo court in view of the penalty imposed. The San Mateo court imposed a fine of $250 *or* 25 days in the county jail. Section 23102 requires, upon a second conviction within seven years, a penalty of not less than 5 days in jail *and* a fine of not less than $250. That section also provides that if probation is granted upon a second offense it must be a condition of probation that the person convicted be confined in jail for at least 5 days and that he pay a fine of at least $250.

had jurisdiction to vacate or set aside prior convictions imposed by traffic courts. Both of these questions were answered in the negative by the court below in its conclusions of law. In making this determination the trial court did not indicate the basis for its conclusions. Based upon respondent's points and authorities presented in the court below it appears that the decision is predicated upon the ground that a collateral attack could not be made upon the Palm Springs judgment. (See *Cook* v. *Bright*, 208 Cal. App.2d 98, 101 [25 Cal.Rptr. 116].)

In approaching the issues presented we note two recent cases: *Mitchell* v. *Orr*, 268 Cal.App.2d 813 [74 Cal.Rptr. 407], and *De La Vigne* v. *Department of Motor Vehicles*, 272 Cal.App.2d 820 [77 Cal.Rptr. 675]. In these cases the plaintiff was convicted of drunk driving in the municipal court. That court, upon finding that prior drunk driving convictions were constitutionally invalid, ordered the Department not to suspend the plaintiff's driving privileges. The director of the Department, contrary to the court's order, suspended the driving privileges. In a mandamus action the superior court granted a writ directing the Department to refrain from such suspension. The reviewing court held that the trial court acted properly upon the basis that the plaintiff had a right to have the constitutionality of his prior conviction determined in the municipal court trying him for the most recent drunk driving offense.[3]

■ The instant case is distinguishable from *Mitchell* and *De La Vigne* in that here no attempt was made to have the validity of the prior conviction determined in the municipal court. ■ Moreover, although petitioner appears to assert that the Department was required to pass upon the constitutionality of the prior conviction the record does not indicate that any attempt was made by petitioner to have the Department make such a determination. In any event, we are satisfied that the Department does not have jurisdiction to make such a determination and that the court below was correct in so holding. ■ In *Hough* v. *McCarthy*, 54 Cal.2d 273, 279-282 [5 Cal.Rptr. 668, 353 P.2d 276], it was held that section 13352 is mandatory with respect to the specific situations there referred to. (See also *Cook* v. *Bright, supra,* 208 Cal.App.2d 98, 101, 103.)

---

[3]In *Hasson* v. *Orr* *(Cal.App.) 80 Cal.Rptr. 329, Hasson sought to set aside the prior conviction in the municipal court in which he was convicted. His motion was denied. He did not appeal or seek a writ of mandate. His driving privileges were then suspended by the Department. Hasson then sought mandate in the superior court commanding the director to vacate his order. The superior court granted the writ but the judgment was reversed by the appellate court on the ground that municipal court determination was binding on the superior court in the mandamus action. A hearing was granted by the Supreme Court on October 22, 1969.

*A hearing was granted by the Supreme Court on October 22, 1969. The opinion of that court is reported in 1 Cal.3d 576 [83 Cal.Rptr. 161, 463 P.2d 385].

Accordingly, the duty to suspend is mandatory upon a second conviction within seven years. (§ 13352, subd. (c); *Cook* v. *Bright, supra,* at p. 101.) "The only precedent event required as the basis for action by the department is receipt by it of *'a record'* of conviction." (*Cook* v. *Bright, supra,* at p. 101.) In section 14101, subdivision (a) it is provided, moreover, that a person is not entitled to a hearing "Whenever the action by the department is made mandatory by the provisions of this code."

Adverting to the question whether the superior court has jurisdiction in an action against the Department to vacate or set aside the prior convictions imposed by the traffic courts, we note the recent case of *Williams* v. *Department of Motor Vehicles,* 2 Cal.App.3d 949 [83 Cal.Rptr. 76]. That case is factually similar to the instant case, except that there the superior court granted a peremptory writ directing the Department to set aside its order suspending the petitioner's license to operate a motor vehicle upon the showing that he was not represented by counsel at the time of his first conviction for driving while under the influence of intoxicating liquor. The reviewing court, in reversing the judgment, held that the proper remedy was a writ of mandate pursuant to section 1085 of the Code of Civil Procedure to the municipal court to vacate the challenged judgment, and not a writ of mandate commanding the Department to set aside and revoke its order of suspension. (P. 953; see *Blake* v. *Municipal Court,* 242 Cal.App.2d 731, 732 [51 Cal.Rptr. 771].)

The rationale of *Williams* is that a writ of mandate can only issue to compel the Department to perform an act it is under a legal duty to perform (citing *Forest Lawn Co.* v. *City Council,* 244 Cal.App.2d 343, 346 [53 Cal.Rptr. 452]), and that so long as the first drunk driving conviction remains in effect the Department is under no duty to return the petitioner's license because it cannot exercise the judicial power required to nullify the prior conviction. (Pp. 953-954;[4] citing *Hough* v. *McCarthy,* 54 Cal.2d 273 [5 Cal.Rptr. 668, 353 P.2d 276], and *Laisne* v. *California State Board of Optometry,* 19 Cal.2d 831, 834-835 [123 P.2d 457].)

In considering the Department's contentions, the appellate court, in *Williams, supra,* also observed that neither habeas corpus nor a writ of *coram nobis* was available to the petitioner to challenge the validity of the first drunk driving conviction. The rationale with respect to habeas corpus is that such remedy is not appropriate because the petitioner was

---

[4]The appellate court in *Williams, supra,* observed that if the subject conviction was void on its face the petitioner would have been entitled to collaterally attack it by seeking a writ of mandate in the superior court to compel the Department to return his license. (P. 954; citing *Blumenthal* v. *Board of Medical Examiners,* 57 Cal.2d 228, 239 [18 Cal.Rptr. 501, 368 P.2d 101].)

neither actually nor constructively restrained because of such conviction (citing *In re Woods,* 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913]; *In re Luce,* 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918]); and, with regard to *coram nobis,* that such remedy is properly used when a petitioner has been denied a fair trial on the merits through fraud, coercion or mistake. (P. 952; citing *People* v. *Gatewood,* 182 Cal.App.2d 724 [6 Cal.Rptr. 447].)

We conclude, therefore, that petitioner does not have the right to challenge the constitutionality of his first conviction for drunk driving by a petition for writ of mandate in the court below. In reaching this conclusion we are not unmindful of the case of *Orr* v. *Superior Court,* 71 Cal.2d 220 [77 Cal.Rptr. 816, 454 P.2d 712], where it was held that under the financial responsibility law (§ 16080) the determination by the Department of Motor Vehicles to suspend a license, upon the basis that there was a reasonable possibility that a judgment may be recovered against the driver, was subject to court review of the Department's action by application to the superior court by writ of mandate. That case is distinguishable from the instant case. Under the financial responsibility law the Department determines from evidence presented to it that there is a reasonable probability that a judgment for damages will be rendered against the driver. Accordingly, it was held in *Orr* v. *Superior Court, supra,* that the driver alleging nonculpability is entitled to a review of the evidence submitted to the Department so that the court can determine whether it supports the implied finding of the Department. (P. 228.) In the instant situation no evidence is submitted to the Department upon which it makes a determination, but it acts in performance of a mandatory duty to suspend upon a second conviction for drunk driving within seven years when it receives a record of that conviction.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.