[L.A. No. 29744. In Bank. Oct. 28, 1970.]

CLAUDE ALFRED THOMAS, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

**COUNSEL**

Thomas C. Lynch, Attorney General, Anthony S. Da Vigo and George J. Roth, Deputy Attorneys General, for Defendant and Appellant.

Bertram McLees, Jr., County Counsel (San Diego), and Mary Gell, Deputy County Counsel, as Amici Curiae on behalf of Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## OPINION

**McCOMB, Acting C. J.**—Defendant (hereinafter referred to as "the department") appeals from a judgment of the Superior Court of Los Angeles County granting a writ of mandate directing it to set aside an order suspending the driving privilege of plaintiff (hereinafter referred to as "petitioner") for a period of one year. (Veh. Code, § 13352, subd. (c).)

October 27, 1966, and February 26, 1968, petitioner pleaded guilty in the Municipal Court of the Los Angeles Judicial District to two separate misdemeanor charges of driving a vehicle while under the influence of intoxicating liquor (Veh. Code, § 23102). Petitioner was represented by counsel in the 1968 proceeding but not in the 1966 proceeding. No question was raised in the 1968 proceeding with respect to the validity of the 1966 conviction.

March 19, 1968, the department, under the authority of section 13352, subdivision (c), of the Vehicle Code, issued its order suspending petitioner's privilege to operate a motor vehicle on the highways of this state for a period of one year.[1] June 12, 1968, petitioner filed a petition for writ of mandate in the superior court against the department alone to compel it to set aside its order of suspension, on the ground that his 1966 conviction was void because he was not represented by counsel and did not waive his right to such representation at that time. The superior court granted the petition, finding that the 1966 conviction was invalid; and a judgment was rendered ordering that a peremptory writ of mandate issue directing the department to vacate and set aside its order suspending petitioner's driving privilege.

Question: *Was it proper, in a mandate proceeding against the department alone, for the superior court to direct the department to set aside its order suspending petitioner's driving privilege, on the ground that his 1966 conviction was invalid, where there had been no prior adjudication of the invalidity thereof?*

*No.* Ordinarily a judgment is presumed valid if collaterally attacked, unless it is void on its face. (*People* v. *Davis,* 143 Cal. 673, 675

---

[1]Section 13352 of the Vehicle Code provides in pertinent part: "The department shall immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of driving a motor vehicle while under the influence of intoxicating liquor. The suspension or revocation shall be as follows:

". . . . . . . . . . . .

"(c) Upon a second such conviction within seven years, such privilege shall be suspended for one year and shall not be reinstated unless and until such person gives proof of ability to respond in damages as defined in Section 16430."

[77 P. 651]; see 3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, §§ 2-6, pp. 2044-2050.) However, a judgment of prior conviction, even though valid on its face, may be attacked at any time on constitutional grounds in a proceeding in which by reason of such prior conviction increased sanctions may be imposed against the person suffering it. (*Hasson* v. *Cozens,* 1 Cal.3d 576, 579 (2) [83 Cal.Rptr. 161, 463 P.2d 385]; *People* v. *Coffey,* 67 Cal.2d 204, 214-215 [60 Cal.Rptr. 457, 430 P.2d 15].) Therefore, petitioner in the 1968 proceeding against him could have attacked the 1966 judgment, which served as a basis to increase the sanctions against him; and the municipal court's ruling on the issue in that proceeding would have been res judicata thereon. (*Hasson* v. *Cozens, supra,* 1 Cal.3d 576, 579-580 (2, 3).) If, as in *Hasson,* petitioner had obtained a favorable ruling in this respect, the department would have had no authority to issue the present order. Petitioner, however, failed to attack the judgment in the 1968 proceeding.

■ The department, having received abstracts of judgments showing two convictions of petitioner for drunk driving within a seven-year period, was required to suspend his driving privilege. (*Hough* v. *McCarthy,* 54 Cal.2d 273, 279 [2] [5 Cal.Rptr. 668, 353 P.2d 276].) It is no part of the department's duty to pass on the validity of those judgments.

■ The present proceeding is simply a petition to review the department's administrative act in performing a mandatory function, and it is not a proceeding in which additional sanctions may be imposed against petitioner by reason of his 1966 conviction. Accordingly, no basis exists for permitting a collateral attack on the 1966 judgment of conviction in this mandate proceeding against the department; and, there having been no previous adjudication that petitioner's 1966 conviction was invalid, the superior court improperly granted the writ. (See *Houlihan* v. *Department of Motor Vehicles,* 3 Cal.App.3d 915, 918-919 [83 Cal.Rptr. 885]; *Williams* v. *Department of Motor Vehicles,* 2 Cal.App.3d 949, 952-954 [83 Cal.Rptr. 76].)

Since the attack upon petitioner's 1966 conviction is upon constitutional grounds, he could have sought to have the rendering court set the conviction aside at any time. If he had succeeded in his attack in the rendering court, that court would have forwarded to the department a copy of its judgment setting aside the conviction. Alternatively, instead of bringing a mandate proceeding in the superior court against the department as he has done, petitioner could have petitioned the superior court for mandate against the rendering court. If he had succeeded in his attack on his 1966 conviction in such a proceeding, the superior court would have directed the rendering court to enter a judgment setting aside the conviction, and

the department would have been sent a copy of such judgment. In either event, the department's records would then have shown only one valid conviction of petitioner for drunk driving, and the department would not have made an order suspending petitioner's driving privilege, or, if previously made, would have revoked the order of suspension.

*De La Vigne* v. *Department of Motor Vehicles,* 272 Cal.App.2d 820 [77 Cal.Rptr. 675], and *Mitchell* v. *Orr,* 268 Cal.App.2d 813 [74 Cal.Rptr. 407], in each of which the superior court granted a writ of mandate directing the department to reinstate the plaintiff's driving privilege, are distinguishable. There, as in *Hasson,* each plaintiff had raised in the municipal court in which his last conviction was rendered the issue of the validity of his prior conviction, and it was determined in such court that the prior conviction was constitutionally invalid.

The judgment is reversed.

Mosk, J., Burke, J., Sullivan, J., and Ford, J.,* concurred.

**PETERS, J.**—I dissent.

The majority concede that petitioner was denied his right to counsel in the proceedings leading to his 1966 conviction, and that the conviction has furnished the basis for the department's order suspending petitioner's driving privilege. In this proceeding to review the order of the department, it is my view that the superior court could properly consider the denial of the right to counsel and that petitioner was not required to bring a separate action to set aside the conviction.

The right to counsel is of such importance to our American system of justice that a person must be permitted to challenge collaterally a conviction obtained in violation of the right whenever the conviction is sought to be used to support guilt or enhance punishment for another offense. It is obvious that section 13352 of the Vehicle Code provides for enhanced punishment based upon conviction of a prior offense. Thus petitioner must be permitted to attack his prior conviction collaterally in this mandamus proceeding. In holding otherwise, the majority depart from settled principles, impair the efficient administration of justice, and impose an undue burden on persons who have already once been punished in violation of their constitutional rights.

The right to assistance of counsel is fundamental in criminal proceedings. (*Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733].) To a greater extent than with other rights of criminal

---

*Assigned by the Acting Chairman of the Judicial Council.

defendants, denial of counsel is presumed to pervade the entire proceeding, casting doubt upon whether convictions so obtained are fair or comply with the requirements of due process. (*In re Gaines,* 63 Cal.2d 234, 237 [45 Cal.Rptr. 865, 404 P.2d 473].) Thus the right is applied retroactively. (*Doughty* v. *Maxwell* (1964) 376 U.S. 202 [11 L.Ed.2d 650, 84 S.Ct. 702].) In California the right extends to defendants charged with misdemeanors as well as to those charged with felonies. (*In re Johnson,* 62 Cal.2d 325, 329 [42 Cal.Rptr. 228, 398 P.2d 420].)

Because the right to counsel is so fundamental to our notions of due process, the United States Supreme Court has held that collateral attacks on prior convictions obtained in violation of *Gideon* are permissible in a wide range of situations: "To permit a conviction obtained in violation of *Gideon* v. *Wainwright* to be used against a person either to support guilt *or enhance punishment* for another offense . . . is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right." (*Burgett* v. *Texas* (1967) 389 U.S. 109, 115 [19 L.Ed.2d 319, 324, 88 S.Ct. 258], italics added.)

The settled rule of this court has been that a conviction obtained in violation of *Gideon* may be attacked collaterally when *any* "statutory machinery relating to penal status *or severity of sanction* is activated by the presence of prior convictions, . . ." (*People* v. *Coffey,* 67 Cal.2d 204, 214-215 [60 Cal.Rptr. 457, 430 P.2d 15], italics added; see *In re Johnson, supra,* 62 Cal.2d 325, 329; *In re Woods,* 64 Cal.2d 3, 5 [48 Cal.Rptr. 689, 409 P.2d 913]; *Hasson* v. *Cozens,* 1 Cal.3d 576, 579 [83 Cal.Rptr. 161, 463 P.2d 385].) We have only recently confirmed the compelling view of the Court of Appeal (*Mitchell* v. *Orr,* 268 Cal.App.2d 813, 815-817 [74 Cal. Rptr. 407]; *De La Vigne* v. *Department of Motor Vehicles,* 272 Cal.App.2d 820, 822-824 [77 Cal.Rptr. 675]) that suspension of driving privileges after a second conviction for drunk driving constitutes the imposition of a greater sanction based on the first conviction. (*Hasson* v. *Cozens, supra,* 1 Cal.3d 576, 579.)

Pursuant to our prior decisions, petitioner should be able to attack his prior conviction collaterally whenever his prior conviction activates statutory machinery related to the severity of sanction to be imposed.

Vehicle Code section 13352, subdivision (c), constitutes such statutory machinery. In enacting this section the Legislature directed the department to suspend the driving privileges of any person twice convicted of driving under the influence of liquor within the last seven years (in any state). Petitioner might have challenged his first conviction at his second trial, since a second conviction would serve as the basis for suspending his driving

privileges. But it was also clearly proper to raise this issue at the time the increased sanction was imposed.

The majority not only depart from the settled principles discussed above but also effectively retard the efficient administration of justice by insisting that petitioner bring two actions instead of one. They concede that petitioner need not challenge his prior conviction at the second trial, suggesting that he may attack the conviction directly in the rendering court (or by mandate in the superior court against the rendering court) "at any time." (*Ante,* p. 338.) The aggrieved citizen must now first proceed against the rendering court and then proceed against the department if it fails to restore his driving privileges.[1]

The procedures imposed by the majority, contrary to our past decisions, will impose undue burdens of time and money on citizens seeking to vindicate their constitutional rights to counsel. The citizen with a prior out-of-state conviction will bear an even heavier burden: he will now be forced to return to that state in order to attack the conviction if he wishes to drive in California. We refused to erect such barriers in *In re Woods, supra,* 64 Cal.2d 3, 5; there is no justification for doing so here.

The majority's decision cannot be justified on the theory that, since the department's duty to suspend driving privileges is ministerial, the department imposes no sanction. Such a fiction is unsupportable. Nor is it justifiable to argue that no collateral attack is permissible because the department did not act pursuant to a hearing in which such an attack could be made, but instead proceed summarily as required by law. Denial of a hearing before the department in these circumstances may be constitutionally permissible provided that ultimately a hearing is permitted by the courts, but surely this cannot be used to exempt the department's action from constitutional challenge in the courts in the proceeding authorized to review the department's action.[2]

---

[1]The majority in effect hold that the rendering court is an indispensable party to an attack on its judgment. Such has never been the case. (*In re Johnson, supra,* 62 Cal.2d 325, 329; *In re Woods, supra,* 64 Cal.2d 3, 5; *Hasson* v. *Cozens, supra,* 1 Cal.3d 576, 579.)

[2]*Williams* v. *Department of Motor Vehicles,* 2 Cal.App.3d 949 [83 Cal.Rptr. 76], and *Houlihan* v. *Department of Motor Vehicles,* 3 Cal.App.3d 915 [83 Cal.Rptr. 885], cited by the majority, held that mandate against the department was inappropriate because the department has neither the power nor the duty to set aside petitioner's conviction. Those decisions misconstrue the relief sought by petitioner. Petitioner does not seek to have the department rule his prior conviction invalid. Rather, he seeks to have the superior court hold the conviction invalid and, on that basis, direct the department to set aside its order of suspension. It was to the superior court, not the department, that petitioner's claim of invalidity was directed. The supe-

The penumbral fear seems to be that the department will be unable or unwilling to devote resources to defending the validity of these convictions. The fear is unwarranted. The department is charged with enforcing section 13352 of the Vehicle Code. The Attorney General, as he has done both in the superior court and this court, can ably represent the department. It is certainly to be expected that the Attorney General will receive the full cooperation of other relevant law enforcement officials.

The majority in this case erode the principles enunciated in *Gideon* v. *Wainwright, supra,* 372 U.S. 335, and further burden our busy courts. In doing so they make it more difficult to challenge the unconstitutional imposition of what is a very serious penalty for all citizens in our motorized society and particularly those who depend upon driving for their livelihood.

I would affirm the judgment.

Tobriner, J., concurred.

---

rior court, as a court of general jurisdiction (Cal. Const., art. VI, § 5), clearly has the power to consider the validity of petitioner's conviction. The court's determination of a matter within its jurisdiction should be given effect.