[L.A. No. 29745. In Bank. Oct. 28, 1970.]

ROBERT NEWCOMB McAVOY, Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## COUNSEL

Thomas C. Lynch, Attorney General, Mark W. Jordan and John C. Hamilton, Deputy Attorneys General, for Defendant and Appellant.

Hindin, McKittrick & Powsner, Maurice J. Hindin, Ronald M. Sohigian and A. Tod Hindin for Plaintiff and Respondent.

## OPINION

McCOMB, Acting C. J.—Defendant (hereinafter referred to as "the department") appeals from a judgment of the Superior Court of Los Angeles County granting a writ of mandate directing it to set aside an order revoking the driving privilege of plaintiff (hereinafter referred to as "petitioner") for a period of three years (Veh. Code, § 13352, subd. (e)).

December 9, 1957, January 20, 1960, and November 3, 1967, petitioner pleaded guilty in the Municipal Court of the Los Angeles Judicial District to three separate misdemeanor charges of driving a vehicle while under the influence of intoxicating liquor (Veh. Code, § 23102). Petitioner was not represented by counsel in any of the proceedings, and no question was raised in either the 1960 proceeding or the 1967 proceeding with respect to the validity of the 1957 conviction.

December 4, 1967, the department, under the authority of section 13352, subdivision (e), of the Vehicle Code, issued its order revoking petitioner's privilege to operate a motor vehicle on the highways of this state for a period of three years.[1] December 29, 1967, petitioner's attorney

---

[1]Section 13352 of the Vehicle Code provides in pertinent part: "The department shall immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of driving a motor vehicle while under the influence of intoxicating liquor. The suspension or revocation shall be as follows:

". . . . . . . . . . . . . . . . .

"(e) Upon a third or subsequent such conviction within 10 years such privilege shall be revoked and shall not be reinstated for a period of three years and until such person files proof of ability to respond in damages as defined in Section 16430."

wrote to the department, requesting reinstatement on the ground that petitioner's 1957 conviction was void because he was not represented by counsel and did not waive his right to such representation at that time. The department refused to reinstate petitioner's driving privilege, and January 3, 1968, petitioner filed a petition for writ of mandate in the superior court against the department alone to compel it to set aside its order of revocation. The superior court granted the petition, finding that the 1957 judgment was invalid; and a judgment was rendered ordering that a peremptory writ of mandate issue directing the department to reinstate petitioner's driving privilege.

■ Question: *Was it proper, in a mandate proceeding against the department alone, for the superior court to direct the department to set aside its order revoking petitioner's driving privilege, on the ground that his 1957 conviction was invalid, where there had been no prior adjudication of the invalidity thereof?*

*No.* As explained in *Thomas* v. *Department of Motor Vehicles, ante,* pp. 335, 338 [90 Cal.Rptr. 586, 475 P.2d 858], no basis exists for permitting a collateral attack on petitioner's 1957 conviction in this mandate proceeding against the department. Accordingly, there having been no previous adjudication that such conviction was invalid, the superior court improperly granted the writ.

The judgment is reversed.

Mosk, J., Burke, J., Sullivan, J., and Ford, J.,* concurred.

**PETERS, J.**—I dissent.

For the reasons stated in my dissenting opinion in *Thomas* v. *Department of Motor Vehicles, ante,* p. 335 [90 Cal.Rptr. 586, 475 P.2d 858], I would affirm the judgment.

Tobriner, J., concurred.

---

*Assigned by the Acting Chairman of the Judicial Council.