[Civ. No. 32209. First Dist., Div. Two. Aug. 20, 1973.]

JAMES B. NICOLINO, Plaintiff and Appellant, v.
ROBERT COZENS, as Director, etc., Defendant and Respondent.

## COUNSEL

Layne, Brodie & Germino and Donald M. Layne for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Victor D. Sonenberg, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**THE COURT**—Appellant contends that the Department of Motor Vehicles was not authorized to suspend his driving privileges pursuant to subdivision (c) of section 13352 of the Vehicle Code where the trial court recommended that there be no suspension, after striking a prior conviction without an express determination as to its validity. He contends in the alternative that, if the department is so empowered to act under section 13352, the statute is an unconstitutional violation of separation of powers.

Section 13210 of the Vehicle Code empowers the trial court to order no suspension under 13352 only in the case of a person who has been "convicted for the first time." The apparent intent of the Legislature in providing specific administrative sanctions which the Department of Motor Vehicles is *obligated* to impose (see *Thomas* v. *Department of Motor Vehicles* (1970) 3 Cal.3d 335, 338 [90 Cal.Rptr. 586, 475 P.2d 858] and *Williams* v. *Department of Motor Vehicles* (1969) 2 Cal.App.3d 949 [83 Cal.Rptr. 76]) and expressly providing the court with authority itself to either impose this sanction only in the case of a first offense (Veh. Code, § 13201) or to prevent its imposition in the same instance is that the court's power to prevent the mandatory sanctions should not extend to cases of multiple convictions.

The holding of *Mitchell* v. *Orr* (1969) 268 Cal.App.2d 813 [74 Cal. Rptr. 407] and cases following it may be well reasoned with regard to prior convictions determined to have been constitutionally invalid, in light of *People* v. *Coffey* (1967) 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15]. ■ However, to permit the trial court to merely strike a prior conviction which it has not expressly found to be invalid and effectively order that there be no suspension under section 13352 would violate legislative intent by allowing the court in effect to decide whether or not suspension of driving privileges should be imposed on any second conviction under section 23102 of the Vehicle Code.

■ As indicated in *People* v. *Burke* (1956) 47 Cal.2d 45, 50 [301 P.2d 241], and *Cook* v. *Bright* (1962) 208 Cal.App.2d 98, 101 [25 Cal. Rptr. 116], the mere striking of a prior conviction by the trial court is not the equivalent of a determination that the defendant did not in fact suffer the conviction.

■ Moreover, the provisions of section 13352 in no way violate the doctrine of separation of powers, as they do not simply provide the Department of Motor Vehicles with the *discretion* to decide whether or not suspension of driving privileges should be imposed, but require that suspension or revocation take place in specific instances. *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993] and *People* v. *Clark* (1970) 3 Cal.3d 97 [89 Cal.Rptr. 253, 473 P.2d 997] are distinguishable in this regard.

The interpretation placed upon the court's authority under section 13210 in *Mitchell* v. *Orr, supra,* 268 Cal.App.2d 813, must be limited to cases in which the court has expressly determined that the prior conviction was in fact invalid.

Judgment affirmed.

Appellant's petition for a hearing by the Supreme Court was denied October 18, 1973.