NELSON VALLEY BUILDING COMPANY (a Corporation) et al., Appellants, v. N. J. MORRISEY, as Director of the Department of Professional and Vocational Standards et al., Respondents.

E. R. Vaughn for Appellants.

Edmund G. Brown, Attorney General, and Willard A. Shank, Deputy Attorney General, for Respondents.

VAN DYKE, P. J.—This proceeding in mandate was brought to review a final administrative decision of the Contractors' State License Board, whereby the contractor's license of petitioner Nelson Valley Building Company, a corporation, was revoked. The trial court entered its judgment upholding the action of the license board and denying the writ sought by petitioner. From that judgment this appeal is taken.

The following facts appear in the record: The appellant Daniel Nelson, Sr., who, as managing employee of petitioner, applied for petitioner's license, had joined his father in the contracting business in Oakland in 1937. He has been engaged in that business ever since. In 1941 he applied for and obtained a contractor's license under which he operated until 1949 when he caused to be formed a family corporation to engage in the same business. That corporation is petitioner herein. As managing employee thereof he applied for and obtained a license for petitioner and petitioner has operated thereunder for some time. Proceedings were brought to revoke the license upon the ground that petitioner had been guilty of violating section 7112 of the Business and Professions Code which provides:

"Misrepresentation of a material fact by an applicant in obtaining a license constitutes a cause for disciplinary action."

It was alleged that in its application for its license and in response to inquiries concerning the "Personnel of Applicant"

a false answer had been given to the question as to whether any member of said personnel had ever been convicted of a felony. It appears from the record without conflict that two members of the personnel of petitioner whose names were listed as such in said application had in fact been convicted of felonies; that Daniel Nelson, Sr., had been convicted on May 17, 1933, of the crime of issuing checks without sufficient funds and that he had served a term under said conviction at San Quentin; that another member of the personnel of petitioner, one Howard Edward Cavannah had been convicted of a felony. Cavannah had never been an officer of petitioner. It appears also that Mr. Nelson during the hearing before the administrative agency admitted his conviction. He testified to the effect that he had in fact been innocent of any criminal intent; that the checks he issued had not been honored because expected deposits to his credit had not been made. He asserted that he had been induced by the prosecuting attorney to plead guilty upon a false promise of probation and upon advice that he was being charged with misdemeanors only. He said that when he first obtained his own contractor's license he had disclosed these matters to a departmental representative who assured him they were immaterial insofar as obtaining his own license was concerned. The trial court, after a hearing based solely upon the administrative's agency's record, found: That when Mr. Nelson applied for petitioner's contractor's license he stated on the application that no person listed ''in the personnel of applicant'' had ever been convicted of a felony; that this statement was false as above related; that the falsity was known to Nelson; that the misrepresentation was material ''in that had the Registrar of Contractors known of the falsity of the said statement at the time the application of Petitioner Corporation was filed, the said license would not have been issued to Petitioner Corporation with Daniel Nelson, Sr., as Responsible Managing Employee.'' Based upon these findings, the trial court entered its judgment discharging the alternative writ which it had issued and denying a final writ of mandate.

The administrative agency here involved is a statewide agency exercising statutory powers only. That the trial court in this case was authorized by law to exercise its independent judgment on the evidence is well established. (*Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 308 [196 P.2d 20].) In such a case the ultimate power of decision rests with the trial court and on review of its judgment '' 'the power

of the appellate court begins and ends with a determination as to whether there is any *substantial* evidence, contradicted or uncontradicted, which will support the conclusion reached. . . . When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.' '' (*Moran* v. *Board of Medical Examiners, supra,* p. 308.) ■ It follows that the question before us is, Does the evidence, viewed in the light most favorable to the respondents, sustain the findings of the trial court to the effect that the charges against petitioner were supported by the weight of the evidence? (*Moran* v. *Board of Medical Examiners, supra,* p. 309.) To state that question here is to answer it affirmatively by adverting to the evidence we have related.

The agency had considered that the false representations contained in petitioner's application for a license had been material representations and that, notwithstanding the lapse of time between the initiation of the proceedings before it and the previous granting of petitioner's license, proper disciplinary action required revocation of the license granted. The trial court upon the same evidence came to the same conclusion.

The attack made upon the trial court's decision is technical. First, petitioner contends that there was no finding that the ''misrepresentation was of a material fact which would have influenced the Registrar in his issuance of the license to the corporation.'' Of course if, as a matter of law, such a misrepresentation could not have influenced the registrar then it was not material. But such was not the case. ■ The question asked the applicant was clearly relevant to the proceedings for the issuance of the license. The answer was false and the least that can be said is that its materiality could be inferred. Both the agency and the trial court did so.

■ The next contention is that there was no support in the evidence for the trial court's findings, quoted above, to the effect that if the registrar of contractors had known of the falsity of the statement a license would not have been issued. The finding was wholly immaterial and may be disregarded as surplusage. (*Alonso* v. *Hills,* 95 Cal.App.2d 778, 789 [214 P.2d 50].) ■ Misrepresentation of a material fact by an applicant in obtaining a license constitutes a cause for disciplinary action. (Bus. & Prof. Code, § 7112.) It was not necessary for the agency or the court to find that the concealment was of a fact which if known at the time of the issuance of the license would have resulted in a denial of the application

therefor. The statute is directly concerned with the fact rather than the effect of wilful concealment. (*Jones* v. *Maloney,* 106 Cal.App.2d 80, 87 [234 P.2d 666].)

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.

[Crim. No. 2598.   Third Dist.   Sept. 28, 1955.]