[Civ. No. 35115. Second Dist., Div. Five. Feb. 24, 1971.]

PAUL DeRASMO, Plaintiff and Appellant, v.
BURTON E. SMITH, as Real Estate Commissioner, etc.,
Defendant and Respondent.

## COUNSEL

Richard Goldstein for Plaintiff and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, and Anthony C. Joseph, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**REPPY, J.**—This is an appeal from the superior court's affirmance of a decision of the real estate commissioner (hereinafter, the commissioner) revoking petitioner-appellant Paul DeRasmo's real estate salesman's license under section 10177, subdivision (a), of the Business and Professions Code.[1]

After a hearing on an accusation, a proposed decision was issued by the hearing officer containing findings of fact, the substance of which is as follows:

1. In his October 1967 application for a real estate salesman's license, DeRasmo answered in the negative inquiries as to prior arrests or convic-

---

[1]Hereinafter all statutory citations are to the Business and Professions Code unless otherwise indicated.

tions,[2] and the commissioner issued DeRasmo a salesman's license in reliance on said answers.

2. In November 1953, in the City of New York, DeRasmo pleaded guilty to a charge of possession of heroin; upon suspension of proceedings he was placed on probation, the terms of which he successfully completed.

3. At the time DeRasmo executed the application, he was under the impression that the 1953 record had been expunged and that there was no need to set forth the conviction. He did not intend to deceive or mislead the commissioner, but acted in good faith in answering the questions in the negative, and said answers were true as DeRasmo then understood the questions.

The hearing officer nonetheless determined that there was proper cause for disciplinary action under section 10177, subdivision (a). He recommended a revocation of DeRasmo's license and the issuance of a restricted license upon application by DeRasmo accompanied by a statement from an employing broker that he had read the decision issued by the commissioner and would agree to review all of DeRasmo's transactions.

The commissioner adopted the proposed decision of the hearing officer.

DeRasmo sought review by filing a petition for a writ of mandamus in the superior court. The court denied the petition after receiving evidence and hearing arguments. The substance of the pertinent findings of fact made by the trial court are as follows: (1) all of the commissioner's findings are supported by the weight of the evidence; (2) DeRasmo did not show that he had any rational basis for his belief that the prior conviction had been expunged; and (3) the falseness of DeRasmo's answers deprived the commission of an opportunity to investigate DeRasmo's background to ascertain his honesty and good reputation—in part the statutory prerequisites for issuance of a salesman's license. The trial court drew the following conclusions of law: (1) the 1953 conviction was void because petitioner was denied his right to counsel; (2) one of the purposes of questions in license applications asking for an applicant's prior criminal arrests or convictions is to provide the licensing agency with an opportunity to investigate the background and qualifications of the applicant; (3) the

---

[2] "'5. a. Have you ever been arrested for any violation of law (other than a traffic violation involving a fine of less than $25.00)? ¶'b. Have you ever plead guilty or been found guilty of or been convicted of or sentenced or placed on probation for any violation of law (other than a traffic violation involving a fine of $25.00 or less)? ¶'IMPORTANT: All incidents must be disclosed even though you may have been pardoned or the record expunged. Juvenile matters must also be disclosed unless an order has been issued by a California Superior Court under Section 781 of the Welfare and Institutions Code, sealing such records. ¶'If answer is "Yes" to (a) or (b) above, give full details on page 2 of this application.' "

negative answers to the inquiries as to arrests and convictions were material misstatements within the meaning of section 10177, subdivision (a); (4) the effect of each misstatement was to deprive respondent of complete information and of the opportunity to fully investigate the application before petitioner was issued a license; and (5) whether the commissioner would have refused the issuance of petitioner's license if the arrest or conviction had ben disclosed is not relevant in determining whether section 10177, subdivision (a), has been violated.

Section 10177, subdivision (a), provides that "The commissioner may suspend or revoke the license of any . . . licensee . . . who has done any of the following:

"(a) Procured, or attempted to procure, a . . . license, . . . by . . . deceit, or by making any material misstatement of fact in an application for a . . . license."

Both parties agree that, in view of the administrative finding that petitioner was not intentionally deceitful, the license was revoked on the ground that he had made a "material misstatement."

On appeal, petitioner contends that because his New York conviction was void, it could not have been the basis for refusal of the license, and that therefore he did not procure the license by a material misstatement. He asserts that his license could not be properly revoked without a showing that it would have been denied if the misstatement had not been made, i.e., if the true facts had been known. He relies on both the phrase "procured . . . by" and the word "material" in support of his interpretation of the statute.

We hold that petitioner has stated the proper interpretation and base our ruling on the statutory language "procured . . . by." Similar terminology was construed in *Jones* v. *Maloney,* 106 Cal.App.2d 80 [234 P.2d 666]. In that case the petitioner had wilfully denied convictions as to two misdemeanors in his application for an insurance agent's license. His license was revoked under subdivision (b) of Insurance Code section 1731,[3] as it provided for revocation if the license holder (1) has ". . . *wilfully made a misstatement in an application* to the commissioner for a license," (p. 87—italics supplied) or (2) has *"obtained his license by* concealment or knowing misrepresentation." (P. 89—italics supplied.)

The court held that, as to charges under the first provision, there was nothing in that provision "which limits the misstatement to one concerning

---

[3]This section, repealed in 1959, has been replaced by section 1738 and article 6, which do not contain the "obtained by" language.

a matter which, if known, would cause a denial of the license," and adding, in effect, that it is the *fact* of wilful misstatement that is important, rather than the matter misstated. (*Id.* at p. 87.) However, it was held that "on the charge of having obtained his license by concealment or misrepresentation, the materiality of the matter concealed or misrepresented becomes important. . . . Under this portion of the section . . . a showing that this concealment or misrepresentation was of such a nature that it was the cause of the obtaining of a license which would otherwise have been denied [is required]." (*Id.* at p. 89.)

*Nelson Valley Bldg. Co.* v. *Morrisey,* 135 Cal.App.2d 738 [288 P.2d 135], cited by respondents, is distinguishable in that the statute under which the petitioner's license was revoked in that case provided: "Misrepresentation of a material fact by an application *in obtaining* a license constitutes a cause for disciplinary action." (Italics supplied. Bus. & Prof. Code, § 7112.) Language referring to misrepresentation of a fact "in obtaining" a license does not connote the same necessity for a causal requirement between that misrepresentation and the granting of the license as does language referring to procuring or obtaining a license by misrepresentation or misstatement. The "in obtaining" language is comparable to that of the first provision of section 1731, subdivision (b), interpreted in *Jones* v. *Maloney, supra,* 106 Cal.App.2d 80, 87.[4]

Would the license have been denied if the arrest and conviction questions had been answered affirmatively? The superior court held that the 1953 conviction was void because of lack of counsel. Such a judgment is of no validity or effect (*De La Vigne* v. *Dept. of Motor Vehicles,* 272

---

[4]We need not decide whether the language "material misstatement" would have required the same result in the absence of the "procured . . . by" language. We note that to serve as the basis for a case of actionable fraud, a material misrepresentation must be of such a character that, had it not been made, the transaction would not have been entered into. (*Adkins* v. *Wyckoff,* 152 Cal.App.2d 684, 689 [313 P.2d 592].) The equivalent interpretation of a "material misstatement" under section 10177, subdivision (a), would be a misstatement which resulted in the granting of a license that would otherwise have been denied. Also, we note the language in *Jones, supra,* that "on the charge of having *obtained* his license *by* misrepresentation, the materiality of the matter concealed or misrepresented becomes important" (italics supplied—106 Cal.App.2d at p. 89), suggesting that a material misrepresentation and one by which the license was obtained are one and the same thing. On the other hand, *Nelson, supra,* in interpreting "misrepresentation was of a material fact," focused on the relevance of the question as opposed to the effect of the particular misstatement given in answer to the question. (135 Cal.App.2d at p. 741.) Under this view, even if the license could not be revoked because of an arrest or void conviction, denial of an arrest or conviction would be material simply because the question concerning them was highly relevant. One rationale for such an interpretation would be that offered by the trial court: the information would give the commissioner a lead in his investigation.

Cal.App.2d 820, 825 [77 Cal.Rptr. 675]), and could not have served in and of itself as a proper ground for denial of the license.[5] Respondent does not contend otherwise. However, a question as to the propriety of the superior court's holding of voidness arises because of the recent case of *Thomas* v. *Department of Motor Vehicles,* 3 Cal.3d 335 [90 Cal.Rptr. 586, 475 P.2d 858].

A judgment of prior conviction, even though valid on its face, may be attacked at any time on constitutional grounds in a proceeding in which by reason of such prior conviction increased sanctions may be imposed against the person suffering it.[6] (*Thomas* v. *Department of Motor Vehicles, supra,* 3 Cal.3d 335, 338; *Hasson* v. *Cozens,* 1 Cal.3d 576, 579 [83 Cal.Rptr. 161, 463 P.2d 385]; *People* v. *Coffey,* 67 Cal.2d 204, 214-215 [60 Cal.Rptr. 457, 430 P.2d 15].) Collateral attack on constitutional grounds of a first drunk driving conviction has been allowed in proceedings leading to a second drunk driving conviction where the two convictions would lead to a suspension of driving privilege (under Veh. Code, § 13352) on the theory that the suspension of driving privilege constituted the imposition of a greater sanction based on the first conviction. (*Hasson* v. *Cozens, supra,* 1 Cal.3d 576, 579; *De La Vigne* v. *Dept. of Motor Vehicles, supra,* 272 Cal.App.2d 820, 822-825; *Mitchell* v. *Orr,* 268 Cal.App.2d 813, 815-817 [74 Cal.Rptr. 407].) Similarly, we feel that collateral attack of a conviction on constitutional grounds should be permitted in a proceeding in which a real estate salesman's license is

---

[5]We do not mean to say that the license could not be denied or revoked on the basis of facts with which the judicial proceeding was concerned. (See *Bold* v. *Board of Medical Examiners,* 135 Cal.App. 29, 34-35 [26 P.2d 707]; *Traxler* v. *Board of Medical Examiners,* 135 Cal.App. 37 [26 P.2d 710].)

[6]In addition, a void judgment may be attacked anywhere it presents itself (*Andrews* v. *Superior Court,* 29 Cal.2d 208, 214 [174 P.2d 313]), if it is a domestic judgment which appears void on the face of the record (judgment roll) (*People* v. *Davis,* 143 Cal. 673, 675 [77 P. 651]; 3 Witkin, Cal. Procedure, Attack on Judgment in Trial Court, §§ 2-4, pp. 2044-2047), or a foreign judgment which appears void on the face of the record or is shown to be so by extrinsic evidence (*Gagnon Co., Inc.* v. *Nevada Desert Inn,* 45 Cal.2d 448, 456-457 [289 P.2d 466]; 3 Witkin, Cal. Procedure, Attack on Judgment in Trial Court, § 5, pp. 2048-2049). What amount to the minutes of DeRasmo's New York trial court state that legal aid was assigned at arraignment. The minutes for the session at which DeRasmo changed his plea to not guilty make no reference to counsel for either side. (Compare *Burgett* v. *Texas,* 389 U.S. 109 [19 L.Ed.2d 319, 88 S.Ct. 258]; *Williams* v. *Department of Motor Vehicles,* 2 Cal.App.3d 949, 950, 954 [83 Cal.Rptr. 76].) In the instant case, the conviction was shown to be void by extrinsic evidence. However, extrinsic evidence has generally been admitted to show jurisdictional, as opposed to constitutional, defects in foreign proceedings. If a constitutionally defective procedure can serve as the grounds for such an attack, the attack would have been proper in the mandate proceeding without recourse to the *Coffey-Thomas* rationale and limitations. We note that respondent did not argue below that extrinsic evidence could not be considered in the voidness determination.

revoked because of that conviction. If revocation of a driver's license constitutes "sanction" so should revocation of a salesman's license. It should not matter that the proceeding is one in which sanctions are to be imposed for the one and only conviction, as opposed to greater sanctions on the occurrence of a second conviction because of a first. Nor should it be determinative that the revocation proceeding was not for the imposition of sanctions because of the conviction itself but rather because of procurement of the license by material misstatement as to the conviction, because whether there was in fact such a procurement turns on whether there was a conviction.

■ *Thomas* v. *Department of Motor Vehicles, supra,* 3 Cal.3d 335, however, raises doubts as to whether or not the mandate proceeding in which the revocation of petitioner's license is reviewed is a proper proceeding for a collateral attack. In *Thomas* the Supreme Court held that it was improper in a mandate proceeding against the Department of Motor Vehicles for the superior court to direct the department to set aside its order suspending petitioner's driving privilege on the ground that a prior conviction was invalid where there had been no prior adjudication of the invalidity.

"The department, having received abstracts of judgments showing two convictions of petitioner for drunk driving within a seven-year period, was required to suspend his driving privilege. [Citation.] It is no part of the department's duty to pass on the validity of those judgments.

"The present proceeding is simply a petition to review the department's administrative act in performing a mandatory function, and it is not a proceeding in which additional sanctions may be imposed against petitioner by reason of his 1966 conviction. Accordingly, no basis exists for permitting a collateral attack on the 1966 judgment of conviction in this mandate proceeding against the department; and, there having been no previous adjudication that petitioner's 1966 conviction was invalid, the superior court improperly granted the writ. [Citations.]" (P. 338.)

The Supreme Court held that petitioner could' have (1) attacked the constitutionality of his first drunk driving conviction in the proceeding resulting in the second conviction, (2) sought to have the rendering court set it aside at any time, or (3) petitioned the superior court for mandate against the rendering court. (P. 338.)

In the instant case, there was no trial for a second offense in which DeRasmo could have challenged the validity of the first, and there was no basis for the California superior court to mandate the rendering New York court. In order to seek to have the rendering court set aside the conviction or bring a mandate proceeding against it, DeRasmo would have had to have

done so in New York. In *Thomas, supra,* on the other hand, all legal proceedings occurred in California courts.

More importantly, the present proceeding is not "simply a petition to review the department's administrative act in performing a mandatory function." In *Thomas* the sole question was whether the Department of Motor Vehicles had received abstracts of judgment. In the instant case, the question was not only whether the applicant had suffered a prior conviction but whether a denial of it should be cause for revocation, and this involved whether *in fact* he had pleaded guilty. Thus the question of the validity of the judgment would more properly be in question on review. The Department of Motor Vehicles is required by statute to suspend driving privileges on receipt of the abstracts of judgment. In the instant case, there is no statutory mandate requiring that a license be denied because the applicant has been convicted of a crime or that it must be revoked if he denied such conviction. The granting and revoking of the license are discretionary acts.

In *Thomas* v. *Department of Motor Vehicles, supra,* 3 Cal.3d 335, there was no administrative hearing at which a showing of the invalidity of the prior conviction could be made. In the instant case, DeRasmo introduced evidence of the denial of counsel at the administrative hearing. The administrative agency, of course, could not declare the judgment of a court to be void. (*Williams* v. *Department of Motor Vehicles, supra,* 2 Cal.App.3d 949, 953-954; *Laisne* v. *Cal. St. Bd. of Optometry,* 19 Cal.2d 831, 834-835 [123 P.2d 457].) However, the evidence as to petitioner's denial of counsel was relevant as to the weight to be given to the conviction in determining whether a material misstatement had been made and whether the license should be revoked. The superior court is empowered to make such a determination, and the evidence was in the record it was reviewing. It would be a very harsh rule to require that it ignore such evidence.

Finally, the scope of judicial review of an agency's administrative act in performing a mandatory function is a narrow one. The question before a court reviewing the driving suspension is whether the agency in fact received abstracts of judgment. On the other hand, Code of Civil Procedure section 1094.5 grants the court reviewing a discretionary act, such as the one in the instant case, considerable latitude.

Under section 1094.5, Code of Civil Procedure, the scope of review includes, among other things, determination as to whether the decision is supported by the findings and the findings are supported by the evidence. In making such a determination, the court may properly, and did in this case, exercise its independent judgment on the evidence. (*Manning* v.

*Watson,* 108 Cal.App.2d 705, 712 [239 P.2d 688].)[7] In addition, it may determine questions of law. Since the crucial issue in this case is whether the license was procured by a material misstatement as to the New York proceedings, the superior court should properly be able to determine, under its extensive powers of review, the effect of those New York procedings.[8]

As stated above, the void conviction itself could not have been proper grounds for denial of the license. Indeed, it is questionable, considering the adjudicated nullity of the conviction, whether the denial of it is even a misstatement.

The response to the arrest question clearly remains a misstatement, but respondent does not contend that an arrest 15 years before would have been proper grounds for denial or revocation of a license.

■ The trial court, however, reasoned that the answers to both questions were material misstatements because they deprived the respondent of complete information and the opportunity to fully investigate the application before petitioner was issued a license. The thrust of this theory is that even if the conviction or arrest itself could not have served as grounds for denial of a license, knowledge of a conviction or arrest could have led to an investigation, which might have revealed information demonstrating petitioner to be unsuitable as a real estate salesman. However, no evidence was introduced as to what such an investigation would have revealed in this case. In disciplinary administrative proceedings the burden of proof is on the party asserting the affirmative, and guilt cannot be based on surmise or conjecture. (*Cornell* v. *Reilly,* 127 Cal.App.2d 178, 184 [273 P.2d 572].)

■ The trial court found that all of the commissioner's findings were supported by the weight of the evidence, including the finding as to DeRasmo's good faith in answering the questions, but that "DeRasmo did not show that he had any rational basis for his belief that the prior conviction had been expunged and that there was no need for him to set forth the conviction." It should be noted that the question specifically directed:

---

[7] "[I]n cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion [by the commission] is established if the court determines that the findings are not supported by the weight of the evidence. . . ." (Code Civ. Proc., § 1094.5, subd. (c).)

[8] It may be felt that the essence of *Thomas* is that since the administrative agency cannot adjudge the conviction invalid, and the court in a mandamus proceeding is merely reviewing the administrative action, the court cannot make that determination either, and that this logic applies equally to the instant case. However, as Justice Peters stated in his *Thomas* dissent, insistence that petitioner bring two actions instead of one retards the efficient administration of justice. We do not feel that the *Thomas* holding should be extended unnecessarily.

"All incidents must be disclosed even though you may have been pardoned or the record expunged." However, even an unwarranted misunderstanding on DeRasmo's part of the purport of the question or a lack of rational basis for his belief of the expungement, suggesting a personal trait of propensity toward negligence or misconstruction of directions, cannot serve as grounds for the revocation because there was no adminstrative finding regarding such an undesirable personal trait or any indication by the commissioner or the trial court that it served as grounds for the conclusion that the license had been procured by a material misstatement.

We therefore hold that petitioner's license was improperly revoked.

The judgment is reversed with instructions to the trial court to grant a writ of mandate directing the board to set aside its order and to take such further action as may be proper.

Stephens, Acting P. J., and Aiso, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 22, 1971. Burke, J., was of the opinion that the petition should be granted.