[Civ. No. 70063. Second Dist., Div. Five. Feb. 27, 1984.]

ERNIE L. MADRID, Plaintiff and Appellant, v.
DEPARTMENT OF REAL ESTATE, Defendant and Respondent.

**COUNSEL**

McAlpin, Doonan & Seese and Daniel G. McMeekin for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Edmond R. Mamer and Jack T. Kerry, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—Appellant, a real estate salesman, was accused by the Real Estate Commissioner of the State of California of having fraudulently procured a real estate license by making a material misstatement of fact in his license application, a violation of Business and Professions Code section 10177, subdivision (a).[1] Specifically, it was alleged that appellant had been convicted of bingo fraud in Arizona in 1975 and failed to list the conviction on his application. After an administrative hearing, appellant's license was

---

[1]That section provides: "The commissioner may suspend or revoke the license of any real estate licensee, or may deny the issuance of a license to an applicant, who has done any of the following:

"(a) Procured, or attempted to procure, a real estate license or license renewal, for himself or any salesman, by fraud, misrepresentation or deceit, or by making any material misstatement of fact in an application for a real estate license, license renewal or reinstatement."

revoked. The superior court denied his petition for a writ of mandate, and this appeal followed. Appellant contends that there is not substantial evidence to support the finding that his license was fraudulently procured because respondent did not show that the application would have been denied had the Arizona conviction been disclosed.

The following evidence was adduced at the administrative hearing: Appellant applied for a California real estate salesman's license in 1980. One of the questions on the application asked whether the applicant had ever been convicted of any violation of law, excluding nonmoving traffic violations. Appellant's response to this question was "On approx. 1960—contracting without license. Penalty was $78.00 fine and 6 months probation. East Los Angeles Municipal Court." Appellant listed no other violations.

The commissioner produced documentary evidence showing that appellant had been convicted in Arizona in 1975 of attempting to obtain money by trick or deception with the intent to cheat or defraud. Specifically, a jury found appellant guilty of using a fraudulent bingo card at a bingo game sponsored by the Blessed Sacrament Catholic Church.[2]

Appellant testified at the hearing that he went to Arizona with one Robert Mixter, who at that time was his sister's boyfriend. Appellant was en route to Sonora, Mexico to arrange transportation for a Mexican baseball team he wanted to sponsor, and Mixter wanted to collect some money owed to him by a woman who lived near Tucson. In Tucson, appellant and Mixter went to the home of appellant's brother. Mixter asked if appellant had any cousins in town and appellant said that he did. Mixter suggested that they surprise the cousins by showing up at a bingo game which the cousins attended each Thursday. When they went to the bingo game, Mixter bought all the cards and gave appellant 10-12 cards so that he could play. Appellant knew nothing about bingo but he played with the help of other people sitting at his table. Someone told appellant that he had gotten a bingo and yelled it out. The prize money for this particular game was $1,250. The usher collected appellant's card but later on found several discrepancies. Both appellant and Mixter were arrested after the game.

When asked on direct examination why he had not disclosed the Arizona conviction on his application, appellant replied: "A stupid thing. I just plumb forgot, for one thing. I thought the application only was pertaining to the State of California." Appellant also stated that he had not attempted to hide the conviction and discussed it freely with his friends at work.

---

[2]After conviction, appellant entered into a plea agreement whereby the conviction was reduced to a misdemeanor. Appellant was placed on probation and ordered to make restitution to the church in the amount of $500.

Under cross-examination, appellant reiterated that he "plumb forgot" about the Arizona conviction when he filled out his license application. When asked why he thought the application pertained only to California convictions, appellant replied:

"I don't know. I think it was my stress at the time; I don't know.

"I was sick at the time, so, I probably—stress or pressure, whatever. I just plumb forgot.

"Also, too, up to now, I think I was not guilty on the fraud in Arizona, and then it might have helped me not to put that in the application."

Appellant then stated that he had disclosed the Arizona conviction to his broker and his coworkers, but admitted that he had told his broker about it only after he (appellant) had been contacted by the Department of Real Estate. When asked why he did not disclose the conviction to the Department of Real Estate on his application, he replied: "I plumb forgot. It just, you know—it's really hard to explain to you my feeling. I still say I am not guilty in this thing, and the lawyers I had over there just didn't represent me right."

Among the findings made by the administrative law judge were the following:

## "VII

"Respondent contends that the non-disclosure of the [Arizona] conviction in his application does not constitute a willful misstatement in that when he answered Question No. 20 of the Application, he was confused and thought that only California convictions need be disclosed; and that in the alternative, he had forgotten about the 1975 Arizona conviction; and the omission of it from the application was merely inadvertent.

"Such contentions are likewise rejected as lacking credibility, nor supported by the facts, evidence, and inferences to be drawn therefrom in the record.

## "IX

"It is found that respondent procured his real estate license by misrepresentation in knowingly making a material misstatement of fact in his application therefor . . . ."

The judge ordered that appellant's license be revoked.

The commissioner adopted the findings of the administrative law judge and accepted the judge's recommendation that appellant's license be revoked.

In its order denying appellant's petition for writ of mandate, the trial court found that the commissioner's findings were supported by the weight of the evidence. ■ In reviewing the evidence before the commissioner, the trial court was authorized by law to exercise its independent judgment on the evidence. (*Jones* v. *Maloney* (1951) 106 Cal.App.2d 80, 84 [234 P.2d 666].) Our province, however, is to determine whether there is any substantial evidence to support the trial court's findings. (*Ibid.*)

■ Relying on *Jones* v. *Maloney, supra,* and *DeRasmo* v. *Smith* (1971) 15 Cal.App.3d 601 [93 Cal.Rptr. 289], appellant contends that there was not substantial evidence to support the finding that his license was "procured by" misrepresentation.

In *Jones* v. *Maloney,* the appellant, Jones, had failed to disclose two misdemeanor convictions on his applications for various insurance licenses. The convictions occurred nine and twenty years, respectively, before Jones made his applications. Jones stated that he did not mention the incidents because he considered them "very much in the past and immaterial," and also thought that his business would be hurt if he admitted the arrests. (106 Cal.App.2d at p. 85.)

Jones was accused by the Insurance Commissioner of having violated Insurance Code section 1731, which provided that the commissioner could suspend or revoke any license where the licensee had (1) knowingly or wilfully made a misstatement in an application for a license, or (2) obtained his license by concealment or knowing misrepresentation. Jones argued that the matters concealed were such that had they been disclosed, they would not have caused a denial of the licenses. The court held that as far as the charge of misstatement was concerned, the type of matter concealed was immaterial: "It is the *fact* of wilful concealment that is important, rather than the matter concealed." (*Id.* at p. 87.) The court went on to state, however, that the materiality of the matter concealed or misrepresented became important with respect to the second charge of having obtained the license by concealment or misrepresentation: "In determining this question it becomes important to ascertain whether the matter was such as, if known, would have caused a denial of the license. If it was not, then the license was not obtained by suppressing the truth on this subject. Under this portion of [section 1731], two things are required: (1) the concealment or knowing

misrepresentation . . . [and] (2) a showing that this concealment or misrepresentation was of such a nature that it was the cause of the obtaining of a license which otherwise would have been denied." (*Id.,* at p. 89.) The court reasoned that there was nothing in the circumstances of the two convictions which would have justified the commissioner in denying Jones' applications, and there was no evidence presented on the issue of whether disclosure of the convictions would have caused the applications to be denied.

In *DeRasmo* v. *Smith,* a case construing Business and Professions Code section 10177, subdivision (a), DeRasmo, a real estate salesman, had omitted from his 1967 real estate license application the fact that he had been convicted of possession of heroin in New York in 1953. He had been placed on probation, the terms of which he successfully completed. At the license revocation hearing, the hearing officer found that at the time DeRasmo executed the application, he was under the impression that the 1953 conviction had been expunged and he did not have to list it on his application. The hearing officer also found that DeRasmo did not intend to deceive or mislead the commissioner, but acted in good faith when he omitted the conviction from his application.

On appeal, DeRasmo argued that his license should not have been revoked without a showing that it would have been denied if the misstatement had not been made. The court, following *Jones* v. *Maloney,* agreed with DeRasmo and held that his license had been improperly revoked.

Both *DeRasmo* and *Jones* are factually distinguishable from the present case and thus are of no help to appellant. The convictions in *Jones* were minor and remote in time from the license application, and there was "no finding that the concealment and misrepresentation were of a material fact which would have influenced the commissioner in his issuance of the licenses." (*Jones, supra,* 106 Cal.App.2d at p. 90.) In *DeRasmo,* the conviction occurred 15 years prior to the application, and the trial court had found that (1) the conviction was void for lack of counsel, and (2) DeRasmo omitted the conviction from his application in good faith, as he believed that the conviction had been expunged and he did not need to list it. Further, both the *Jones* and *DeRasmo* courts found that the items omitted were of a nature which, if disclosed at the time of the application would not have been cause for the applications to be denied.

The conviction which appellant failed to disclose here was a felony (later reduced to a misdemeanor) which occurred five years prior to his license application. Thus, unlike *Jones,* the conviction was neither minor nor remote in time. The trier of fact did not believe appellant's inconsistent explanations for his failure to disclose the Arizona conviction: He "just plumb

forgot about it" and he thought the application pertained only to California convictions. Thus, unlike *DeRasmo,* the omission of the conviction from the license application here was found to be wilful, satisfying the requirement of fraud, misrepresentation or deceit under Business and Professions Code section 10177, subdivision (a).

Both *Jones* and *DeRasmo* require a finding by the trier of fact that the omission be *material,* that is, that it be something which, if disclosed on the application, would have prevented issuance of the license. The issue of materiality was raised by the department in its charging accusation, which provided in part:

"VI

"The crime of which Respondent was convicted bears a substantial relationship to the qualifications, functions, or duties of a real estate licensee.

"VII

"Respondent's failure to reveal the criminal conviction alleged above in said application for licensure constitutes the procurement of a real estate license by fraud, misrepresentation or deceit, or by making a material misstatement of fact in said application, which failure is cause for suspension or revocation of Respondent's real estate license under Sections 490 and 10177(a) of the Business and Professions Code."

This is merely another way of stating that the license would not have been granted had the conviction been disclosed. Having so alleged in the accusation, the department met its burden by proving (1) that the conviction occurred, and (2) appellant's failure to list it on the application was wilful. The commissioner's finding No. IX, *supra,* specifically found the omission to be material thereby eliminating any *Jones* or *DeRasmo* error.

The judgment is affirmed.

Feinerman, P. J., and Ashby, J., concurred.