**Richard MEYER, Petitioner,**

v.

**STATE of Wyoming, ex rel., DEPART-MENT OF REVENUE AND TAXATION, Respondent.**

No. 88–2.

Supreme Court of Wyoming.

Jan. 24, 1989.

* Retired June 29, 1988.

Robert J. Reese of Reese & Mathey, Green River, for petitioner.

Joseph B. Meyer, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., and Mark Quiner, Asst. Atty. Gen., for respondent.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and BROWN, J. Retired.*

CARDINE, Chief Justice.

This appeal is from a hearing examiner's order suspending appellant's driver's license for his driving under the influence conviction in municipal court. The issue presented for our determination is whether the driving under the influence conviction is valid in the absence of entry of a formal plea before his jury trial.

We hold that the hearing examiner was without authority to determine the validity of appellant's criminal conviction, and we affirm the order of suspension.

On October 25, 1986, appellant was arrested and charged with driving while under the influence of intoxicating liquor in violation of a municipal ordinance similar to W.S. 31–5–233. On October 28, appellant's attorney filed an entry of appearance and demanded a jury trial. Arraignment was set for November 10, 1986, at 9:00 a.m. Appellant alleges that when he arrived for arraignment that day he was informed by court personnel that there would be no arraignment because his attorney had already entered an appearance and demanded a jury trial. On January 6, 1987, appellant was tried on the charge and convicted by a jury in Green River municipal court. The conviction was appealed to the District Court, Third Judicial District, and was affirmed on April 29, 1987.

Thereafter, based upon appellant's conviction and pursuant to W.S. 31–7–128, appellee State of Wyoming, Department of Revenue and Taxation, sent appellant an "Order of Suspension and Notice of Opportunity for Hearing" providing for the suspension of appellant's driving privileges for ninety days. Appellant requested a hearing, which was held on September 2, 1987.

The independent hearing examiner received into evidence the record of appellant's conviction and upheld the suspension pursuant to W.S. 31–7–128(b)(i), which provides:

"(b) Upon receiving a record of a driver's conviction under W.S. 31–5–233 or other law prohibiting driving while under the influence, the division shall suspend the license or non-resident operating privilege for:

"(i) Ninety (90) days for the first conviction."

Appellant appealed the independent hearing examiner's decision to the Third Judicial District Court, which certified the case to this court.

Appellant contends that the municipal court's failure to take a plea deprived that court of jurisdiction to hear the case, thus rendering the conviction void. Because the conviction was void, appellant argues, the license suspension based upon that conviction is invalid. Appellant cites no authority for the proposition that he may, in an administrative hearing, collaterally attack his criminal conviction, and there is ample authority supporting the contention that he may not. See *State ex rel. Motor Vehicle Div. v. Holtz*, 674 P.2d 732, 735 (Wyo.1983), where we held that

"[t]here is no indication that the legislature intended the [motor vehicle] Division, an agency of the executive branch of the government, to act in an appellate capacity over the Courts, and, of course, such would be unconstitutional as a violation of the separation-of-powers doctrine."

See also, *Brown v. Idaho State Board of Pharmacy*, 113 Idaho 547, 550, 746 P.2d 1006, 1009 (1987) ("An administrative agency is not the proper forum for challenging the validity of a criminal conviction.") and *DeRasmo v. Smith*, 15 Cal.App.3d 601, 93 Cal.Rptr. 289, 294 (1971) ("The administrative agency, of course, could not declare the judgment of a court to be void.").

We affirm the hearing examiner's order suspending appellant's driver's license.