Filed 1/26/21  P. v. Lapham CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICHARD WILLIAM LAPHAM,<br><br>    Defendant and Appellant. | G058251<br><br>(Super. Ct. No. 17HF0040)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Julian W. Bailey, Judge.  Affirmed.

Law Office of Edward M. Robinson, Edward M. Robinson, and Rachael A. Robinson for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

\*           \*           \*

A jury convicted Richard William Lapham of several sexual offenses against his granddaughter, R.C., including continuous sexual abuse of a child (count 1; Pen. Code,[1] § 288.5, subd. (a)), oral copulation (count 5; § 288a, subd. (c)(1)), and sexual penetration by a foreign object (count 7; § 289,[2] subd. (j)). The jury found Lapham committed all the offenses when his granddaughter was less than 14 years old. The trial court had earlier dismissed on the prosecutor's motion oral copulation and sexual penetration counts allegedly committed when R.C. was 10 years old or younger (counts 2 and 3). At sentencing, the court also dismissed pursuant to section 1385 additional counts on which the jury had convicted Lapham for a lewd and lascivious act (count 4; § 288, subd. (a)) and oral copulation (count 6; § 288a, subd. (c)(1)). The trial court sentenced Lapham to 20 years in prison; 16 years on count 1, two years consecutive on count 5, and another two years consecutive on count 7.

Lapham contends the trial court erred in failing to grant his new trial motion (§ 1181). His motion sought acquittal on grounds that the proof at trial on count 1 did not align with the dates between which he was alleged to have committed continuous sexual abuse. Lapham argues, as he did below, that R.C.'s testimony could only be understood to indicate the abuse began *after* the dates alleged for count 1. Lapham also asserts that the conduct underlying count 1 necessarily included the sexual penetration alleged in count 7, making it duplicative and requiring dismissal. As we explain, these contentions are without merit, as is the belated request at the end of respondent's brief for us to overturn the trial court's dismissal of counts 4 and 6, which respondent did not appeal.

---

[1]     All further statutory references are to this code.

[2]     We note that the offense of sexual penetration by a foreign object includes digital penetration. (§ 289, subd. (k).)

## FACTUAL AND PROCEDURAL BACKGROUND

We need to consider little background to resolve Lapham's contentions, so we will set it out briefly. The prosecutor alleged in count 1 that the date range in which Lapham committed the requisite three or more sex acts over a minimum of three months to constitute continuous sexual abuse (see § 288.5) occurred sometime between August 12, 2011 and August 12, 2014. R.C.'s birthday was on August 13th. Based on R.C.'s age at the time she testified (14) and her grade level (9th), the prosecutor elicited that on her birthday each year, she "would have just turned however old you're going to be for that . . . school year." R.C.'s mother confirmed that R.C.'s school year annually commenced soon after her birthday.

Working backward from the fact that R.C. was 14 and in ninth grade when she testified, the prosecutor established that she was 10 years old in fifth grade. Based on the evidence produced at trial and the dates alleged in the information, it can reasonably be inferred that the continuous abuse alleged in count 1 occurred when R.C. was in second, third or fourth grade.

When the prosecutor asked R.C., "When did the touching begin? Do you remember how old you were," she answered, "If I would tell you a number, it wouldn't be exact. I can't remember." When the prosecutor asked her, "Do you remember what grade you were in when it started," she answered that it was "*probably* fifth grade." (Italics added.)

R.C. also testified that the touching originally had begun with her awaking on the couch or in Lapham's bed to him rubbing her vagina or grabbing her breasts, or both, and only later escalated to him licking her vagina and digitally penetrating her. She testified the oral copulation did not start until the next school year after the more general touching began, and the same was true for putting his fingers inside her.

When the prosecutor asked R.C., "When was the last time that he touched you," she responded she was "about to turn 13." She clarified on the prosecutor's further

3

questioning that "in December 2016 when [she] met with police officers," she was "12 years old" and therefore that she had reported the abuse when "I guess I was 12." That suggested that the "very last incident" of abuse, which was of the escalated variety occurred when she was 11 years old.

The court instructed the jury that "the crimes [did] not have to be proven to [have] occurred on a particular day but reasonably close to the days that were pled . . . ." In denying Lapham's new trial motion seeking acquittal after his conviction, the trial court observed, "Counsel will recall the jury inquired about th[e] issue of date range, and . . . the jury was instructed that—and that was without there being an objection from the defense"—that "it had to happen on or about and between or reasonably close to those dates." The court concluded, "[T]he jury heard all the evidence, and I'm not going to overturn their verdict as to that count," i.e., count 1.

## DISCUSSION

Lapham contends the evidence required the trial court to grant his new trial motion requesting acquittal on count 1, based on R.C.'s testimony that he began abusing her in fifth grade. He observes that the date range the prosecutor alleged for count 1 ended on August 12, 2014, just *before* her 10th birthday, which would have been just *before* she started fifth grade. He therefore reasons that there was no evidence he committed continuous sexual abuse when R.C. was in fourth grade or earlier, which was the time frame encompassed by the dates the prosecutor alleged for count 1. We disagree.

A criminal defendant may move for a new trial on specified grounds, including that the verdict was contrary to the law or evidence. (§ 1181, subds. 6, 7; see *People v. Ault* (2004) 33 Cal.4th 1250, 1260.) The motion requires the trial court "to review the evidence independently and satisfy itself that the evidence as a whole is sufficient to sustain the verdict." (*People v. Dickens* (2005) 130 Cal.App.4th 1245,

4

1251.) "Although the trial court is to be 'guided' by a presumption in favor of the correctness of the jury's verdict [citation], this means only that the court may not *arbitrarily* reject a verdict which is supported by substantial evidence." (*Ibid.*) "The trial court is not bound by the jury's determinations as to the credibility of witnesses or as to the weight or effect to be accorded to the evidence." (*Ibid.*) If it subjectively views the evidence as "not sufficiently probative to sustain the verdict, it must order a new trial." (*Id.* at p. 1252.) Based on its comments, the trial court understood this standard when it denied Lapham's new trial motion.

In any event, the mere fact that the trial court is not *bound* by the jury's findings does not mean the court should have ordered a new trial here. The new trial remedy is limited, as reflected in our deferential standard of review. "A trial court's ruling on a motion for new trial is so completely within that court's discretion that a reviewing court will not disturb the ruling absent a manifest and unmistakable abuse of that discretion." (*People v. Hayes* (1999) 21 Cal.4th 1211, 1260-1261.) Lapham does not meet that standard here.

Simply put, the issue raised by Lapham involved questions of fact which the jury resolved against him. After hearing all the evidence, the jury reasonably could conclude R.C. was mistaken at trial about her dates. Nothing required the trial court to disagree. R.C.'s initial testimony about when the abuse ended was consistent with the conclusion her timeline was off by a year—so that the continuous abuse she estimated might have begun when she was in fifth grade actually began in fourth grade, as alleged in count 1. R.C. specified at the outset that her date, age, and grade estimates were inexact. The earlier time frame aligned with her description of how the abuse escalated after it began.[3]

---

[3] Additionally, Lapham did not object on hearsay or other grounds to the prosecutor's reference to R.C. telling the social worker that the digital penetration occurred in fifth grade, supporting an earlier timeline for commencement of the lesser,

We agree with Lapham that the prosecutor's presentation of evidence did not clearly and explicitly set out a timeline that corresponded to the allegations in count 1. The prosecutor himself inadvertently gave an accurate but ultimately nonfatal assessment of his efforts: "I'm going to try to do some math, which is not going to go well for me." But the trial court instructed the jury that it was "up to all of you, and you alone, to decide what happened" and "what the facts are" in the case (CALCRIM No. 200), including the timeline of events and "what evidence, if any, to believe" (CALCRIM No. 302).

The jury, in evaluating R.C.'s testimony about the alleged abuse, was not required to conclude that it began in fifth grade. "The jury [is] free to believe some of [a witness's] statements and to disbelieve other statements." (*People v. Wader* (1993) 5 Cal.4th 610, 641.) As has long been held, "a reasonable inference drawn from circumstantial evidence may be believed as against direct evidence to the contrary." (*Bohn v. Watson* (1954) 130 Cal.App.2d 24, 34.) Nothing required the trial court to interfere with the jury's timeline determination by ordering a new trial. Lapham's abuse of discretion challenge therefore fails.

The foregoing analysis similarly disposes of Lapham's challenge to count 7. The jury reasonably could conclude the conduct alleged in count 1, as proven at trial, did not overlap with the conduct alleged in count 7. To the contrary, the court instructed the jury that the counts involved distinct time frames: count 1 allegedly being "committed on or about and between August 12, 2011, and August 12, 2014," while count 7 was committed during the succeeding period from "August 13, 2014 [to] July 31, 2016." This corresponded to R.C.'s testimony that the escalated abuse alleged in count 7,

___

continuous abuse. Absent a specific objection, hearsay evidence is competent to support a judgment. (*Flood v. Simpson* (1975) 45 Cal.App.3d 644, 649; Evid. Code, § 140, Law Rev. Com. Comment ["'Evidence' is defined broadly to include[] anything offered in evidence," including hearsay, which "may be considered in support of a judgment"].)

including digital penetration, occurred after the timeframe in count 1 ended.  There is no merit to Lapham's bid for reversal of count 7.

Finally, respondent contends for the first time at the close of its appellate brief that the trial court was confused about the time frame in which counts 4 and 6 occurred or were alleged to have occurred, and therefore we should reverse the court's dismissal of those counts.  The People could have appealed (§ 1238, subd. (a)(6)) the trial court's sentencing order dismissing the counts but for whatever reason elected not to do so.  A prosecutor's failure to appeal shows "tacit accord with the actions of the court." (*Mitchell v. Orr* (1969) 268 Cal.App.2d 813, 817.)  We therefore treat the issue as waived.

### DISPOSITION

The judgment is affirmed.

GOETHALS, J.

WE CONCUR:

MOORE, ACTING P. J.

FYBEL, J.